Exhibit list:

A – DOL WHD FMLA right to sue, 15 Apr 15
B – DOL WHD FLSA right to sue, 6 January 2015
C – Postmaster General/Judicial Officer/ NEEOISO Manager Caldwell criminal action and EEO spin-off complaints – file civil action, 25 Apr 13
D – Grievances not processed by the Union, May – Oct 13
E – Union Officer salaries, $140,000 per year, June 1 HVAC Grievance July 2010
F – MM Jim Norris, Enforced Leave 30 May 13 and denial of FMLA
G – HR Manager Alexis Delgado, Enforced Leave 11 Feb 14, denial of pay Oct 13
H – FMLA 110000403542, bad back, 19 Jun 12
I – FMLA 110000402232, color blind, 20 Feb 13
J – FMLA 110000501305, on-the-job stress, 30 July 13

**U.S. Department of Labor**   WAGE AND HOUR DIVISION
300 Fifth Avenue, Suite 1130
Seattle, WA 98104-2397
Phone: (206) 398-8039
Fax: (206) 224-4111



April 15, 2013

Lance McDermott
1819 So 104th ST
Seattle, WA 98168

Subject: **U.S Postal Service PMA**

Dear Mr. McDermott:

You recently contacted the Wage and Hour Division (WHD) with a complaint that the above-named employer discriminated against you under the Family & Medical Leave Act. The FMLA requires covered employers to comply with all provisions of the Act. After careful consideration of the information you provided, the WHD is declining to pursue your claim, because of WHD's enforcement priorities and resource limitations.

The Wage and Hour Division administers and enforces a significant number of essential federal labor laws including those that guarantee workers' rights to a minimum hourly wage and overtime pay; and family and medical leave. The WHD receives more than 30,000 complaints each year and its resources do not permit it to investigate all of the complaints it receives. As a result the WHD must decline to investigate certain complaints and advise complainants of other resources that may be available to them to resolve their claims.

Your complaint is important, but the WHD has determined that it will not investigate your complaint and will take no further action on your behalf. The fact that the WHD will take no further action on your behalf does not affect your legal right to bring a private action in court against your employer under the FMLA to recover obtaining reinstatement and/or recovery of lost wages, employment benefits, and monetary losses under FMLA. The Department does not encourage or discourage such private actions. The decision is entirely up to you.

If you wish to pursue a private action and would like assistance locating an attorney who may be interested in your case, you may call this toll-free number to locate an American Bar Association (ABA)-approved attorney referral provider in your area: 1-866-766-6550. If you decide to contact an ABA-approved attorney referral provider, please tell the provider that you obtained their contact information using the toll-free number provided by the WHD in this letter. Please note that WHD is providing this toll-free number as a service to those complainants seeking further assistance.



The WHD does not guarantee the accuracy of the information provided through this toll-free number or by any ABA-approved attorney referral provider, nor does the WHD guarantee that an attorney will accept your case. In addition, WHD is not endorsing the services of any attorney to whom you may be referred, or guaranteeing the results of any services that attorney may provide. Providing the toll-free number creates no liability on the part of the government.

Please keep in mind that obtaining reinstatement and/or recovery of lost wages, employment benefits, and monetary losses under FMLA is subject to a two-year statute of limitations, unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that back wages or other remedies for violations that occurred more than two years before a lawsuit is filed may not be recoverable.

Please feel free to contact this office at 206-398-8039 if you have any questions regarding this letter.

Sincerely

Donna Hart
District Director

Enclosure: FLSA HRG



**U.S. Department of Labor**

WAGE AND HOUR DIVISION
300 Fifth Avenue, Suite 1130
Seattle, WA 98104-2397
Phone: (206) 398-8039
Fax: (206) 224-4111



January 6, 2015

**Lance McDemott
1819 So 104th St.
Seattle, WA 98168**

Subject: **U.S. Postal Service**

Dear Mr. McDemott:

You recently contacted the Wage and Hour Division (WHD) of the federal Department of Labor indicating that the above-named employer under the FLSA. The FLSA requires covered employers to comply with all provisions of the Act. After careful consideration of the information you provided, the WHD is declining to pursue your claim. because WHD does not enforce FLSA for Postal Workers, please contact your personnel office.

The Wage and Hour Division administers and enforces a significant number of essential federal labor laws including those that guarantee workers' rights to a minimum hourly wage and overtime pay; and family and medical leave. The WHD receives more than 30,000 complaints each year and its resources do not permit it to investigate all of the complaints it receives. As a result the WHD must decline to investigate certain complaints and advise complainants of other resources that may be available to them to resolve their claims.

Your complaint is important, but the WHD has determined that it will not investigate your complaint and will take no further action on your behalf. The fact that the WHD will take no further action on your behalf does not affect your legal right to bring a private action in court against your employer under the FLSA to recover unpaid wages and an equal amount in liquidated damages, plus attorney's fees and court costs. The Department does not encourage or discourage such private actions. The decision is entirely up to you.

If you wish to pursue a private action and would like assistance locating an attorney who may be interested in your case, you may call this toll-free number to locate an American Bar Association (ABA)-approved attorney referral provider in your area: 1-866-766-6550. If you decide to contact an ABA-approved attorney referral provider, please tell the provider that you obtained their contact information using the toll-free number provided by the WHD in this letter. Please note that WHD is providing this toll-free number as a service to those complainants seeking further assistance.

The WHD does not guarantee the accuracy of the information provided through this toll-free number or by any ABA-approved attorney referral provider, nor does the WHD guarantee that an attorney will accept your case. In addition, WHD is not endorsing the services of any attorney to whom you may be referred, or guaranteeing the results of any services that attorney may provide. Providing the toll-free number creates no liability on the part of the government.

Please keep in mind that recovery of unpaid back wages under the FLSA is subject to a two-year statute of limitations unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that back wages or other remedies for violations that occurred more than two years before a lawsuit is filed may not be recoverable.

Please feel free to contact this office at 206-389-8039 if you have any questions regarding this letter.

Sincerely

Tuan Huynh
Acting District Director

Enclosure: FLSA HRG

NATIONAL EEO
INVESTIGATIVE SERVICES OFFICE




**UNITED STATES**
**POSTAL SERVICE**

April 25, 2013

Mr. Lance McDermott
1819 South 104th Street
Seattle, WA 98168-1647

Dear Mr. McDermott:

The Office of the Postmaster General has asked me to respond to your misguided April 6, 2013, filing with the Postal Service's Judicial Officer. Despite your mistaken belief, the Judicial Officer does not have regulatory jurisdiction to hear or review matters related to EEO complaint processing. Your submission contains a significant amount of misinformation; references case law, regulations, and arbitration awards which are clearly not relevant to proceedings in the federal-sector EEO complaint process; and draws unwarranted conclusions concerning the processing of your EEO complaints.

With respect to the processing of your EEO complaints, Case Number 1E-985-0004-12, which contained 21 allegations of discrimination, was fully investigated and was the subject of a final agency decision dated February 12, 2013. You disagreed with the conclusions drawn in that decision and filed EEOC Appeal Number 0120131641, which is currently pending before the Office of Federal Operations of the Equal Employment Opportunity Commission. Case Number 1E-985-0006-13, containing eleven allegations of discrimination, was recently accepted on March 25, 2013. A single allegation involving dissatisfaction with the manner in which a previous complaint was processed was properly dismissed as a separate allegation in accordance with the EEOC's regulations and case precedent concerning spin-off complaints. *See* 29 C.F.R. 1614.107(a)(8) and EEOC Management Directive 110, Chapter 5, Part IV.D. Consequently, your previous complaints have been processed in strict accordance with the EEOC's regulations.

Your submission to the Judicial Officer makes the spurious claim that the National EEO Investigative Services Office (NEEOISO) does not have the authority to process EEO complaints. You dubiously contend that NEEOISO does not have "territorial jurisdiction" to investigate complaints arising in Seattle and that only the Office of the Inspector General can investigate EEO complaints. EEO complaints are processed by the affected federal agency in accordance with EEOC regulations which provide, in pertinent part, that each agency shall, "(2) Provide for the prompt, fair, and impartial processing of complaints in accordance with this part and the instructions contained in the Commission's Management Directive." *See* 29 C.F.R. 1614.102(a)(2). The regulations also provide that the agency's EEO Director shall, "(4) Provide for counseling of aggrieved individuals and for the receipt and processing of individual and class complaints of discrimination; and (5) Assure that individual complaints are fairly and thoroughly investigated and that action is taken in a timely manner in accordance with this part." *See* 29 C.F.R. 1614.102(b)(4) and (5). In short, agencies are required to establish and maintain complaint processing functions which, in the Postal Service's case, is managed by its National EEO Investigative Services Office which has been in operation for more than eight years. In fact, agencies have investigated their own EEO complaints for decades in compliance with various versions of Equal Employment Opportunity Commission regulations.

P.O. BOX 21979
TAMPA, FL 33622-1979

WWW.USPS.COM

- 2 -

25 Apr

You also question the manner in which investigations are conducted under the auspices of NEEOISO. In particular, you question the use of contractors to conduct investigations, the lack of face-to-face investigations, and the number of affidavit questions posed to you by a contract investigator. It may surprise you to know that most agencies use contractors to perform EEO investigations and there has never been a question concerning their ability to do so. Moreover, the Postal Service has not conducted face-to-face EEO investigations for nearly twenty years and this practice has never been questioned as inappropriate. The Federal Rules of Civil Procedure concerning limits on discovery do not apply in the federal-sector EEO complaint process and the number of questions posed by Investigators are directly related to the number of allegations raised by complainants and the bases of discrimination alleged. For example, if a complainant, such as yourself, raises 21 allegations of discrimination in his complaint, he should not be surprised that the Investigator has to present numerous questions for his response in order thoroughly to investigate the claims. Finally, you contend that a contractor does not have the authority to have a federal employee swear to a statement in an affidavit. The fact is that it is the affiant who declares under penalty of perjury that the statements made in the affidavit are true by signing the document.

You claim that the agency has mischaracterized the allegations raised in your complaints. This is hard to accept given the assiduous identification of 21 separate allegations in one complaint and eleven in another. You appear to believe, incorrectly, that claims raised in previous complaints which have been the subjects of final action have some cumulative effect in or can be reasserted in future complaints. This is not the case. You also appear to believe that you can mix "criminal actions", "class action status", and even the unrelated claim of another employee in with your claims. This is also not the case. EEOC regulations do not provide for the consideration of criminal matters, provide for appeal rights following agency final actions on complaints, and include a separate procedure for processing allegations of class-wide discrimination. Moreover, you have misinterpreted a decision by the Office of Federal Operations on a procedural dismissal (EEOC Appeal Number 0120083506, November 10, 2008) as a decision on the merits of your complaint which supposedly has *res judicata* effect in future complaints. This is clearly erroneous in that the decision simply indicated that the agency was incorrect in dismissing your complaint because the dismissal relied on the legitimate, non-discriminatory reason for taking the action (which involves the merits of the complaint) to conclude that the complaint failed to state a claim. Following the remand, you chose to file a civil action in United States District Court on this claim.

This response will not address the merits of either of your pending complaints inasmuch as one is pending on appeal before the EEOC and the other is currently under investigation. I would encourage you to cooperate with the investigator when he or she approaches you for an affidavit.

Sincerely,

William R. Caldwell
Executive Manager

C

 **APWU** American Postal Workers Union, AFL-CIO

STEP 2 GRIEVANCE
APPEAL FORM

| 1 | CLASS ACTION or GRIEVANT NAME (Last Name First) | ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|---|---|
| | Lance McDermott | Kent, WA 98032 | | | | |

| 2 | EIN | CRAFT | LEVEL | STEP | DUTY HOURS | OFF DAYS | E-MAIL |
|---|---|---|---|---|---|---|---|
| | 03272132 | Maint | 9 | 0 | 0500-13:30 | F/S | |

| 3 | JOB NO./PAY LOCATION (UNIT/SEC/CR/STA/OFC) | WORK LOCATION CITY AND ZIP CODE | SENIORITY DATE | PREF. ELIGIBLE |
|---|---|---|---|---|
| | 715 | 22430 Russell RD, Kent, WA 98032 | | ✓ YES NO |

| 4 | STEP 2 AUTHORIZED UNION REP (NAME AND TITLE) | AREA CODE PHONE (OFFICE) | E-MAIL |
|---|---|---|---|
| | David Marzec MMO (told not to make decisions by Jim Norris) | | |

| 5 | LOCAL UNION PRESIDENT (NAME) | AREA CODE PHONE (OFFICE) | E-MAIL |
|---|---|---|---|
| | Myrna Umali | 206-241-6038 | |

**STEP 1 MEETING AND DECISION**

| 6 | UNIT/SEC/BR/STA/OFC | POSTAL INSTALLATION LEVEL | DATE/TIME | USPS REP - SUPR | INITIALS (ONLY VERIFIES DATE OF DECISION) |
|---|---|---|---|---|---|
| | PMA | | | | |

| 7 | STEP 1 DECISION BY (NAME AND TITLE) | DATE/TIME | GRIEVANT AND/OR STEWARD |
|---|---|---|---|
| | denied at step 1 (no 2608 generated) | Sept 20, 2013 at 12:30 | Lance McDermott |

| 8 | DISCIPLINE | CONTRACT | LOCAL GRIEVANCE NO. |
|---|---|---|---|
| | suspension and discipline | | MNT-103-13 |

| 9 | TO: USPS STEP 2 DESIGNEE (NAME AND TITLE) | INSTALLATION/SEC.CEN./NDC | PHONE NO. | USPS GRIEVANCE NO. |
|---|---|---|---|---|
| | David Marzec, MMO | Seattle P&DC | 206-768-4474 | E10T-1E-C13332927 |

| 10 | FROM: LOCAL UNION (NAME OF) | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| | Seattle APWU Local 28 | PO Box 48148 Seattle, WA 98148-0148 | | | |

| 11 | Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.) LOCAL MEMO (ART/SEC) OTHER MANUALS, POLICIES, L/M MINUTES, ETC. |
|---|---|
| | Art. 16, Title 5 U.S.C 7512/7513, art 5, Art 11, Art 19, Elms 436.1, elms 651.75 |

| 12 | DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT |
|---|---|

Problem: Management procedurally defected this grievance by:
1. Failed to give minimum of 30 days notice per Title 5 U.S.C. 7512 & 7513/ Article 16
2. Placed enforced leave on employee when enforced leave criteria was not met
3. When enforced leave ran out of its 14 day window, it is then a constructive suspension in which management did not provide just cause for suspension and no review or concurrence was conducted by the installation head or his designee. No documents provided. Involuntarily caused employee to use annual leave and sick leave thus harming employee to use to make a living.
4. Contends Jim Norris is an installation designee, no letter provided stating this.
5. Jim Norris issued the enforced leave and suspension and cannot adjudicate his own authority, it must be sent to a higher authority to review and concur.
6. MMO David Marzec was told he cannot make any decisions due to having retirement in by Jim Norris.
7. Violated employee when he returned with proper medical documents to return to work per the health Unit and was denied to return and escorted out.

*List of attached papers as identified*

Steps 1 & 2, corrections and additions, management step 2 denial, medical information, Threat

assessment, enforced leave information, arbitrations on enforced leave/suspensions, FMLA

| 13 | CORRECTIVE ACTION REQUESTED |
|---|---|

Remedy: Return to work immediately, reimburse 700 hours annual leave, 250 hours sick leave, &

$ 25, 450.00 on earnings employee would have earned prior to being suspended for due process

violation and harmful error of the agency. To cease from retaliating against employee.

| SIGNATURE | Steward TITLE OF AUTHORIZED LOCAL UNION REP | 10/17/13 DATE |
|---|---|---|

# AMERICAN POSTAL WORKERS UNION, AFL-CIO

**STEP 2 GRIEVANCE APPEAL FORM**

| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | CRAFT | DATE | LOCAL GRIEVANCE # | USPS GRIEVANCE # |
|---|---|---|---|---|
| ART 3/10/19 | MNT | 8/19/2013 | MNT-75-13 | |

| TO USPS STEP 2 DESIGNEE (NAME & TITLE) | INSTALLATION | | PHONE |
|---|---|---|---|
| Rick Sudduth, MMO | Seattle P&DC, WA | | 206-768-4478 |

| FROM: LOCAL UNION (NAME OF) | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Greater Seattle Area Local APWU | 241 SW 153rd Ave. | Burien | WA | 98166 |

| STEP 2 AUTHORIZED UNION REP. - (NAME & TITLE) | WORK PHONE | CELL PHONE |
|---|---|---|
| | | |

| LOCAL UNION PRESIDENT | WORK PHONE | HOME PHONE |
|---|---|---|
| Myrna Umali | 206/241-6038 | 206/241-6038 |

## WHERE - WHEN        STEP 1 MEETING & DECISION        MET WITH

| UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP – SUPR | GRIEVANT AND/OR STEWARD |
|---|---|---|---|
| PMA | 8/16/2013 | KEN DOW | Lance McDermott |

| STEP 1 DECISION BY (NAME & TITLE) | DATE & TIME | INITIALS | INITIALING ONLY VERIFIES DATE OF DECISION |
|---|---|---|---|
| Denied | | | |

| GRIEVANT - PERSON OR UNION (LAST NAME FIRST) | ADDRESS | CITY & STATE | ZIP CODE | PHONE |
|---|---|---|---|---|
| Lance McDermott | | | | |

| SOCIAL SECURITY NUMBER | SERVICE SENIORITY CRAFT | FTR-PTR-PTF | LEVEL | STEP | DUTY HRS | OFF DAYS |
|---|---|---|---|---|---|---|
| EID- 03272132 | | | | | | |

| JOB # /PAY LOCATION (UNIT/SEC/BR/STA/OFC) | WORK LOCATION CITY AND ZIP CODE | LIFETIME SECURITY | VETERAN |
|---|---|---|---|
| 715 | Kent, Wa | | |

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.
Art 3/10/19/, ELMS 35 section 436, PS Form 1260, Clock Rings, DOL documents

DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

**Problem:**

Lance McDermott was not paid for hours worked but was instead inputted by Supervisor Ken Dow annual leave for June 30th, 2013 and July 1st, 2013. This pay was given as annual leave instead of hours worked. McDermott is entitled to his 13 hours of annual to be reimbursed since he was paid; the tacs system needs to be corrected to read hours worked by his schedule and the leave reimbursed. Lance worked 8 hours on June 30th and 5 hours on July 1st, 2013. Since Lance was sent home by Inspectors he is entitled to 2 full 8 hour days of pay. 13 hours was paid through sick leave which was not asked for by employee, he used a 1260.

**Background:**

As the Union Steward I was notified on August 3rd, 2013 after returning from vacation by the employee in a phone call what had happened. Article 15 states once it comes to the attention of the union, the steward has 14 days to initiate a step 1 grievance. Lance was given 30 days of enforced annual leave by Lead Manager Jim Norris which ended 29 June, 2013. Employee was not given specific instructions that he was not to return to work following this enforced annual leave. Any logical person would assume they serve the 30 days and return to work once it ended. This did not happen; Lance worked 8 hours June 30th, 2013 and when Lance came in on July 1st, 2013 he worked for 5 hours until the Supervisor came in and did not know what was going on and called the Kent police who came and after conversation asked if he wanted them to remove Lance from the building. The answer "no" was given and after the police left Lance said, the Postal Inspectors were called and he was searched as well as his locker and car.

Lance was paid with annual; however his PF form(s) 1260 were not inputted by the Supervisor as hours worked and 16 hours of annual leave was taken from Lance McDermott. If inputted right this would not be an issue. Employee was not given specific instructions that he was not to return to work following this. Employee did not do a PS Form 3971 asking for leave, he did a PS Form 1260 in lieu of time card which was not in the rack. Employee did not know it was removed by management since he is an active employee on the payroll. Elms 436(Back Pay) states during a period which unjustified or unwarranted work was performed is considered as having provided a service for the period in question and the employee is entitled to be paid hours worked. Management cannot falsify a document putting sick leave in, when employee's PS Form 1260 shows otherwise. Lance was put on "enforced leave" which the agency has no policy on and cannot be used in conjunction with discipline. Criteria has to be met for "enforced leave" to be administered. This is in-material when employee was given 30 days of annual "enforced leave" and it was presumed he would serve this and return to work upon its completion. This is what the employee did for no further instructions were given at the time of this leave status.

Documents will be provided at step 2: Elms 35 section 436, Art 3, 10, 19, PS Form 1260, Clock Rings, DOL documents



*19 Aug*

Publication 552, Manager's Guide to Understanding, Investigating and Preventing Harassment on page 10 states" *Quid pro quo harassment* is the use of power and authority to alter an employee's job conditions or economic benefits because the employee or applicant either submits to or refuses to submit to the unwelcome demands of the person in authority.

---

| List of attached papers as identified | **All pertinent documentation will be provided at the Step 2 meeting.** |
|---|---|

---

**}   CORRECTIVE ACTION REQUESTED**

Correct the tacs system to reflect these hours worked and reimburse employee 13 hours of annual leave and pay him the difference of July 1, 2013 of $104.00 since he was sent home.

**LESTER CORNETTE,**
APWU, GSAL
**Steward**



12 Aug 13

## GREATER SEATTLE AREA LOCAL
## AMERICAN POSTAL WORKERS UNION, AFL-CIO

STEP 1 GRIEVANCE OUTLINE WORKSHEE

| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | | CRAFT | DATE | LOCAL # |
|---|---|---|---|---|
| Lost annual leave | | Maintenance | 8/11/2013 | MNT-75-13 |

| UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD | |
|---|---|---|---|---|
| PMA | 8/12/2013 | Ken Dow | Lester Cornette | |

| STEP 1 DECISION BY (NAME & TITLE) | DATE & TIME | INITIALS | INITIALING ONL VERIFIES DATE OF DECISION |
|---|---|---|---|
| Denied by Ken Dow SMO | August 16, 2013 | | |

| GRIEVANT PERSON OR UNION (LAST NAME FIRST) | ADDRESS | CITY & STATE | ZIPCODE | PHONE |
|---|---|---|---|---|
| Lance McDermott | | | | |

| SOCIAL SECURITY NUMBER | SERVICE SENIORITY CRAFT | FTR-PTR-PTF | LEVEL | STEP | DUTY HRS | OFF DAYS |
|---|---|---|---|---|---|---|
| | | | 9 | 0 | 0500-1330 | F/S |

| JOB # PAY LOCATION (UNIT/SEC/BR/STA/OFC) | WORK LOCATION CITY AND ZIPCODE | LIFETIME SECURITY | VETERA |
|---|---|---|---|
| Seattle PMA / Pay Location 715 | Kent, WA 98032 | | Y |

Pursuant to Article 15 of the National Agreement we hereby appeal to Step 1 the following Grievance alleging a violation of (but not limited to) the following

NATIONAL, (Art./Sec.) **FLSA, DOL**

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.

**Problem:**
Lance McDermott was not paid for hours worked but was instead inputted by Supervisor Ken Dow annual leave for June 30
2013 and July 1st, 2013. Lance worked 8 hours on June 30th and 5 hours on July 1st. This pay was given as annual
leave instead of hours worked. McDermott is entitled to his 13 hours of annual to be reimbursed since he was paid; the tacs
system needs to be corrected to read hours worked by his schedule and the leave reimbursed. Since Lance was sent home
by Inspectors he is entitled to 2 full 8 hour days of pay. 13 hours was paid through annual leave which was not asked for by
employee, he used a 1260.

**Background:**
As the Union Steward I was notified on August 3rd, 2013 after returning from vacation by the employee in a phone call what
had happened. Article 15 states once it comes to the attention of the union, the steward has 14 days to initiate a step 1
grievance. Lance was given 30 days of enforced annual leave by Lead Manager Jim Norris which ended 29 June, 2013.
Employee was not given specific instructions that he was not to return to work following this enforced annual leave. Any
logical person would assume they serve the 30 days and return to work once it ended. This did not happen; Lance worked 8
hours June 30th, 2013 and when Lance came in on July 1st, 2013 he worked for 5 hours until the Supervisor came in and di
not know what was going on and called the Kent police who came and after conversation asked if he wanted them to remov
Lance from the building. The answer "no" was given and after the police left Lance said, the Postal Inspectors were called a
he was searched as well as his locker and car.

Lance was paid with annual; however his PF form(s) 1260 were not inputted by the Supervisor as hours worked and 16 hou
of annual leave was taken from Lance McDermott. If inputted right this would not be an issue. Employee did not do a PS Fo
3971 asking for leave, he did a PS Form 1260 in lieu of timecard which was not in the rack. Employee did not know it was
removed by management since he is an active employee on the payroll.

**Corrective Action Requested:** Correct the tacs system to reflect these hours worked and reimburse
employee 13 hours of annual leave and pay him the difference of July 1, 2013 of $104.00 since he was sent
home.

**Management's Response:**
Step 1 Denied on August 16, 2013

Lester Cornette
Union Steward

30 June 13

**UNITED STATES POSTAL SERVICE ®**

# Grievance Summary - Step 1

| 1. Grievant's Name *(Last, First and Middle Initial)* |
|---|
| Mcdermott, Lance |

Forward the original of this form to your Step 2 Management Official. Complete Items 1 through 12 and 21.
If grievance is denied, complete Items 13 through 20. If additional space is required, continue on reverse.
See Handbook EL-921, *Supervisor's Guide to Handling Grievances.*

| 2. Facility | 3. Craft | 4. Grievant's Title |
|---|---|---|
| Seattle/Kent priority mail annex | Maintenance | MPE |

| 5. Date of | | 6. Was Grievance Timely at Step 1? | 7. Date of Step 1 Answer | 8. Union Official |
|---|---|---|---|---|
| a. Incident 06/30/2013 | b. Step 1 Meeting 08/16/2013 | ☐ Yes  ☑ No | 08/16/2013 | Lester Cornette |

**9. Issue** *(Complaint or Alleged Violation)*
see # 9 page 2

**10. Remedy Requested** *(Specify requirements to resolve grievance)*
Pay employee McDermott 16 hours of pay

**11. Decision** *(Check one)*  ☐ Sustained  ☐ Settled  ☑ Denied  ☐ Closed  ☐ Withdrawn  ☐ Other _____

**12. Reasons for Decision**
See #12 page 2

| 13. | Grievance Data | | | | 14. Craft or Relevant Seniority Date |
|---|---|---|---|---|---|
| a. Level PS-9 | b. Step O | c. Tour 2 | d. Section 2 | e. Pay Location 714 | Maintenance |

| 15. Check One | 16. Off Days | 17. Work Schedule |
|---|---|---|
| ☑ FTR  ☐ PTR  ☐ PTF  ☐ Rural Designation Code | Saturday Friday | 06:00-14:30 |

**18. Background** *(State all relevant information and attach all supporting documents)*
Mr.McDermott was on enforced leave and he was told to contact management for return to work authorization which he has failed to do

**19. Management's Position**
Mr. McDermott was on enforced leave and was not aloud in the building to work. He did not come to see his supervisor and he did not provide any (return to work) paper work when he was asked by his Supervisor if he had any letter that said he could return and. When the Supervisor ask Mr. MCdermott ouestions Mr. McDermot refused to respond with answers

**20. Union's Position**

| 21. a. Management Official *(Name and Title)* | 21. b. Telephone Number | 21. c. Signature |
|---|---|---|
| Ken Dow | 253-437-2198 | |

PS Form 2608, August 1986

30 Joye

# 9 Page 1

Lance McDermott was out on enforced leave and came into the PMA on Sunday June 30th & July 1st he had no authorization to be at the PMA. at 05:45 on July 1st  Supervisor Ken Dow came to work and saw Lance McDermotts car in the parking lot, Ken Dow went into the building from the front door and observed Lance McDermott crouched behind over the road containers looking at the north employee entrance where Supervisor Ken Dow enteres on a daily bases.Supervisor Ken Dow watch Lance McDermott to see what He was doing Ken Dow observed Mr. McDermott looking through the holes in the OTR container and watching the north entrance Ken Dow after watching Mr. McDermott do this action called Jim Norris Lead Manager and informed him that he was calling 911 because of the actions Mr. McDermott was displaying The police arrived in over an hour) Ken Dow said that the police could leave because Mr. McDermott was still locaetd behind the OTR's  ( he had not left that area in over an hour) Ken Dow said that the police could leave because Mr. McDermot was cooperating as soon as the police left Mr. McDermott refused to leave the building he refused a direct order to leave the building he was told that failure to follow his Supervisors direct order could result in him being removed from the Postal Service and he still refused to leave the building.Supervisor Dow call Jim Norris and the Inspection Service was called and Mr. McDermott was removed from the building by the Inspectors...

# 12. At the step 1 meeting with Lester Cornette, Ken Dow told The Steward that the grievance was untimely. Ken Dow asked for a copy of the letter that Mr.McDermott said that David Hoff gaving him permission to return to work on June 30th , no letter was provided.to Mr Dow. Supervisor Dow showed copies of the 3971 were Lance McDermott had called in for leave from 6/2/2013 to 7/3/2013 for 160 hours which included June 30th & July 1st dates. The Steward at step 1 provided no documents or justfication to support Mr. McDermott coming to work.

2

D

**UNITED STATES POSTAL SERVICE**

*27 May 13*

# Grievance Summary - Step 1

Forward the original of this form to your Step 2 Management Official. Complete Items 1 through 12 and 21.
If grievance is denied, complete Items 13 through 20. If additional space is required, continue on reverse.
See Handbook EL-921, *Supervisor's Guide to Handling Grievances.*

**1. Grievant's Name** *(Last, First and Middle Initial)*

Mcdermott, Lance

**2. Facility**

Seattle/Kent priority mail annex

**3. Craft**

Maintenance

**4. Grievant's Title**

MPE

**5. Date of**

a. Incident
05/23/2013

b. Step 1 Meeting

**6. Was Grievance Timely at Step 1?**

[ ] Yes    [✓] No

**7. Date of Step 1 Answer**

**8. Union Official**

Lester Cornette

**9. Issue** *(Complaint or Alleged Violation)*
See attached page #9

**10. Remedy Requested** *(Specify requirements to resolve grievance)*
restore employee back to FMLA S/L status and adjust pay $225.00 on May,23 2013 for failure of employee to have been paid,and to cease from deliberate and premeditated actions to warrant so called getting even with an employee. additional documents will be furnished at step 2 pending step 1 decision

**11. Decision** *(Check one)*
[ ] Sustained   [ ] Settled   [✓] Denied   [ ] Closed   [ ] Withdrawn   [ ] Other

**12. Reasons for Decision**
See attached page #12

**13.**

Grievance Data

| a. Level | b. Step | c. Tour | d. Section | e. Pay Location |
|----------|---------|---------|------------|-----------------|
| PS-9 | O | 2 | 2 | 714 |

**14. Craft or Relevant Seniority Date**

Maintenance

**15. Check One**

[✓] FTR   [ ] PTR   [ ] PTF   [ ] Rural Designation Code

**16. Off Days**
Saturday
Friday

**17. Work Schedule**
06:00-14:30

**18. Background** *(State all relevant information and attach all supporting documents)*
Mr.McDermott was required to work out of schedule at the request of management on the two days prior to May 23 2013. Mr. McDermott has a history of calling in for unscheduled leave in conjunction with his days off. He was just issued a Letter of Warning for his unscheduled leave that is currently on his record for 2 years.

**19. Management's Position**
The supervisor granted the protected FMLA leave that the employee requested , The employee requested that the Postal Service grant him( paid leave) which was denied because employee refused to provide the requested documentation,

**20. Union's Position**

**21. a. Management Official** *(Name and Title)*
Ken Dow

**21. b. Telephone Number**
253-437-2198

**21. c. Signature**

PS Form 2608, August 1986

23 May

# 9.
Lance McDermott was marked deems desirable on May, 22 2013 buy his Supervisor Ken Dow, when Mr. McDermott called in on May 23 2013 through ERMS, IVR he was told that documentation was required, When I talked to Mr. McDermott on May 28 2013 I asked him if he had the documentation, I told him that if he wanted to be payed for his FMLA requested sick leave that I needed the documentation by May 31st he told me that he that he didn't need to provide documentation" it's FMLA" I told him that I would approve FMLA LWOP but not paid leave. I asked him if he understood me and he refused to answer me.

# 12.
This grievance is untimely, the grievant is the lead steward for the PMA and he was told that he would not be paid onMay, 28 2013 if the he failed to provide documentation, his Union Steward Lester had no excuse not to file a grievance in a timely manner

D

Case 2:15-cv-01069-RAJ   Document 1-1   Filed 06/30/15   Page 16 of 34

# Puget Sound Area Local Elections announcement

**Attention all PSAL Members: second notice**

PSAL Elections Nominations start August 17, 2014 at 2pm at the GMM. The following offices are open for election: President, Executive Vice President, Secretary, Treasurer, 1 Director from each craft - Clerk, Maintenance, & Motor Vehicle/MVF - 1 associate office Director from each associate office.

**General Membership Meeting schedule**

July - No meeting due to National Convention    August 17th - Open Nominations start at GMM
October 19th - Nominations closed for PSAL Elections    September 21st - Elections
    November 16th - Election of PSAL Officers    December - no meeting

---

## The annual salary of the elected WAPWU Officers are as follows:

(in comparison to the Greater Seattle Area Local APWU Officers)

|  | President | Vice President | Secretary | Treasure | Editor |
|---|---|---|---|---|---|
| Washington - | 5,000 | 2,000 | 3,500 | 3,500 | 2,500 |
| Seattle - | 20,825 | 10,413 | 8,336 | 10,413 | 10,413 |

Total 2014 budgeted:
WAPWU total = 21,850 - [Pres, VP, Sec, Treas, Editor, 4 District Reps ]
Seattle total = 145,000 [Pres, VP, Sec, Treas, Editor 4 Craft Directors, 3 Trustees, Ass. Office Rep ]

I can assure the membership that the Washington State APWU Officers are committed to providing the very best representation possible for the dues paying members, and I am honored to be on the Executive Board for WAPWU.

The District Representatives for WAPWU are: District 1—Maria Risener, District 2—Don Cain, District 3—Wanda Emmert, District 4—Lynn Jones.

These committed union officers are on the front lines representing the members-at-large [MALs] all over the State of Washington, and they are well deserving of your support, and thanks. The District Representatives have periodic district meetings, and are largely responsible for having recruited many nonmembers in Washington State at a time when most locals are losing members. Thank you all for your hard

I do not condone publicly singling out, naming, and ridiculing fellow union members for having a different opinion. We need to work on our bedside manner in Seattle. Just because we are the largest local in the state doesn't mean we can run the show, or that Seattle has some corner on the market for what is best for the Washington State members. **We need to project unity in times like these, not read other members' names and blame them for not agreeing on everything you want.** Unity has to be our commitment or we will fail in troubled times like these. All in all, it was a pretty good Washington and multistate convention. It remains to be seen what will happen in Chicago at the National APWU Convention. I will look forward to representing Seattle when I get there, and will report the goings-on when I return.

## Training for local ...

---

Bob Dyer continued from page 1

## State of the WAPWU

One of the most important items that must be taken care of at the WAPWU Convention is always the budget. I am very proud to say --as a tenured Officer of the WAPWU Executive Board— that the Washington State APWU is doing incredibly well financially speaking. At a time when virtually all locals are running deficit budgets, the Washington State APWU has continued to come in under budget and actually increase our savings account balance year after year, and did so again this last year as well.

In fact, the WAPWU banked another ten thousand dollars this last year, and had some one hundred and seventy thousand dollars in savings at the beginning of the convention— a result of the careful handling of the union members' money—mostly due to good planning; money saving efforts related to convention expenses; organizing the Washington State MALs; and very frugal salaries for the Washington State Officers. There have been some totally false accusations, and rumors floating around of late concerning Washington State APWU some of which I even recently heard at the Seattle local's general

21 Oct 14

INTERNET
FORM NLRB-508
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

FORM EXEMPT UNDER 44 U S C 3512

| Case | Date Filed |
|------|------------|
| DO NOT WRITE IN THIS SPACE | |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

a. Name

The Greater Seattle Area Local (GSAL) American Postal Workers Union
(APWU)

b. Union Representative to contact

GSAL President Myrna Umali

c. Address (Street, city, state, and ZIP code)

132 SW 152 ST
Burien, WA 98166

| d. Tel. No. 206 241-6038 | e. Cell No |
| f. Fax No | g. e-Mail |

h. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) 8(b)(1)(A), 8(b)(3) of the National Labor Relations Act. and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

The GSAL APWU in bad faith failed in its affirmative duty under Section 8(b)(1)(A) to fairly represent Employees (me) and in its Section 9(a) duty to assist. The Union has failed to file grievances, has held grievances in abeyance and has denied me assist of the Union Hall (copier) for EEO/MSPB complaints, reinstate me as a Steward, failed to help me with the Back-Pay and OPF corrections due upon Return To Work following an unjust 9-months of unpaid Enforced Leave. The "defunct" Union has also failed to represent other Employees and Stewards (Section 7 rights) injured to the same kinds of unfair labor practices after protesting: (1) - the Union Officers' unlawful use of the Union Trust Funds to pay themselves extra salaries and (2) - the failure to bargain (Section 8(d)) by making "sweetheart deals" with the odious Management creating a "schism" (Hershey Chocolate Corp., 121 N.L.R.B. 901 (1958)). Thereby, violating Section 8(b)(3) by failing: (1) - to meet at reasonable times and reasonable intervals (light duty committee), (2) - to bargain in good faith concerning mandatory subjects of bargaining (discipline, working conditions), (3) - engaging in bad-faith, surface, and piecemeal bargaining (sweetheart deals); (4) - making agreements inconsistent with the duty of fair and equal representation

| 3. Name of Employer U.S. Postal Service Seattle Dist. 1 414 6th Ave So Seattle, WA 98104 | 4a. Tel. No. 206 625-2293 | b. Cell No. |
| | c. Fax No | d. e-Mail |

5. Location of plant involved (street, city, state and ZIP code)

Priority Mail Annex (PMA), Kent WA

6. Employer representative to contact

| 7. Type of establishment (factory, mine, wholesaler, etc.) Government | 8. Identify principal product or service | 9. Number of workers employed |

| 10. Full name of party filing charge Lance McDermott | 11a. Tel. No. | b. Cell No. |
| | c. Fax No | d. e-Mail |

11. Address of party filing charge (street, city, state and ZIP code)

1819 So 104 ST, Seattle, WA 98168

**12. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _(signature of representative or person making charge)_    Lance McDermott _(Print/type name and title or office, if any)_

| Tel. No. 206 763-6268 |
| Cell No. 206 331-1990 |
| Fax No. |

Address 1819 So 104 ST, Seattle, WA 98168 (date) 21 Oct 14    e-Mail treke@hotmail.com

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register. 71 Fed. Reg 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary, however, failure to supply the information will cause the NLRB to decline to invoke its processes.

E

21 Oct 14

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U S C 3512

**DO NOT WRITE IN THIS SPACE**

Case                    Date Filed

INSTRUCTIONS:
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer | | |
|---|---|---|
| U.S. Postal Service (USPS) | | b. Tel. No. 206 625-2293 |
| | | c. Cell No. |
| d. Address *(Street, city, state, and ZIP code)* | e. Employer Representative | f. Fax No |
| Seattle District Office | | g. e-Mail |
| 414 6th Ave So. | | |
| Seattle, WA 98104 | | h. Number of workers employed |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)* | j. Identify principal product or service | |
| Government | | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* 8(a)(2), 8(a)(3)

of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act. or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

The USPS Seattle District Management violated Section 8(a)(2) by creating, financing and dominating Committees chilling the Section 7 rights of Employees and their conditions of work.  Management is unlawfully dominating the Union by paying the salaries of Union Officers (for not working) attending these Action Committees and for other Union activities violating NLRA § 8(a)(2), LMRA § 302, and LMRDA §§ 202 and 203.  This allows Management to unlawfully dominate by fiat the Union and the Committees "dealing with" working conditions within the meaning of Section 2(5) and making bad faith "sweetheart" deals (contracting, facility closers, loss of jobs) with the Union violating Sections 8(a)(3) and 8(b)(3) showing an anti-union motivate inherently destructive of the Labor/Management relationships.  International Paper Co  v. NLRB, 115 F.3d 1045 (D.C. Cir. 1997).

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)* | | |
|---|---|---|
| Lance McDermott | | |
| 4a. Address *(Street and number, city, state, and ZIP code)* | | 4b. Tel. No. 206 763-6268 |
| 1819 So 104 ST | | 4c. Cell No. 206 331-1990 |
| Seattle, WA  98168 | | 4d. Fax No |
| | | 4e. e-Mail  treke@hotmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

**6. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief

By _____          Lance M. Dermott          Tel. No
*(signature of representative or person making charge)*    *(Print/type name and title of office, if any)*

                                              21 Oct 14          Office, if any  Cell No
                                              *(date)*

                                                                 Fax No
Address  1819  So 104 ST  Seattle  WA 98108
                                                                 e-Mail

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U S C § 151 *et seq* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its ...

E

21 July

# AMERICAN POSTAL WORKERS UNION, AFL-CIO

ST
GRIE
APPEA

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | | CRAFT | DATE | LOCAL GRIEVANCE # | U. GRIEV |
|---|---|---|---|---|---|---|
| 2 | HEALTH AND SAFETY TO USPS STEP 2  DESIGNEE (NAME & TITLE) Manager Labor Relations | | Maintenance | 21JULY 2010 | MNT-49-10 | |
| 3 | FROM: LOCAL UNION (NAME OF) Greater Seattle Area Local APWU | | INSTALLATION Seattle, WA | | | PHO 206/44 |
| 4 | STEP 2 AUTHORIZED UNION REP. - (NAME & TITLE) Brenda A. Burke | ADDRESS 241 SW 153rd Ave. | CITY Burien | STATE WA | ZIP 9811 |
| 5 | LOCAL UNION PRESIDENT Jessie Gobunquin | WORK PHONE 253-437-2198 | | HOME PHONE | |
| | | WORK PHONE 206/241-6038 | | HOME PHONE 206/241-6038 | |

## WHERE - WHEN                 STEP 1 MEETING & DECISION

| 6 | UNIT/SEC/BR/STA/OFC PMA Kent | DATE/TIME | USPS REP – SUPR | GRIEVANT AND/OR STEW | MET WI |
|---|---|---|---|---|---|
| 7 | STEP 1 DECISION BY (NAME & TITLE) Bob Hoffman SMO | | Bob Hoffman DATE & TIME | CLASS ACTION INITIALS   INITIALING O VERIFIES DATE OF DECI | |
| 8 | GRIEVANT - PERSON OR UNION (LAST NAME FIRST) | ADDRESS | CITY & STATE | ZIP CODE | PHONE |
| 9 | CLASS ACTION SOCIAL SECURITY NUMBER N/A | 22430   Russell Rd. Bldg. C SERVICE SENIORITY CRAFT   FTR-PTR-PTF | Kent, Wa. LEVEL   STEP | 98032 DUTY HRS | 253-437-: OFF DAYS |
| 10 | JOB #/PAY LOCATION (UNIT/SEC/BR/STA/OFC) | Maint.   FTR | PS4-9   N/A | ALL TOURS | N/A |
| 11 | ALL PAY LOCATIONS IN THE PMA | WORK LOCATION CITY AND ZIP CODE PMA Seattle 98032 | | LIFETIME SECURITY Y | VETE Y |

Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a violation o
(But not limited to) the following: NATIONAL (Art. /Sec.) ART. 14
LOCAL MEMO (ART. /SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.
MS 39, OSHA, AND POSTAL STANDARDS HANDBOOK AS-503.

**12   DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT**

The temperature has continually risen above OSHA and Postal set limits, during the summer months and fell well
below the limits during the winter months. There is an outstanding grievance for the temperature falling below
OSHA/Postal set limits and it is at Step 3.  Management has brought in fans to try to relieve the over heating probl
in the summer months, to no avail.  All this does is move the hot air around; it does not cool the building down.
Management's office spaces are air conditioned, but the work room floor is not and the temperature is unbearable
The temperature has on more than one occasion reached the 90's.

List of attached papers as identified                    All pertinent documentation will be provided at the Step 2 meeting.

**13   CORRECTIVE ACTION REQUESTED**          Make the Union and employees whole – including, but not limited to:

That management ceases forcing the employees to work in unbearable working conditions far beyo
OSHA/ Postal regulations.  That management provide proper working conditions for all its employe
during the summer and winter months, by providing proper temperature control; air conditioning in t
summer months and proper heating in the winter months.  Also that management pays one hundr
dollars a day in compensation to all the non supervisory employees that are being forced to work
conditions that have been beyond OSHA and Postal regulations; until proper air-conditioning an
heating are installed in the PMA.  The money will be equally divided amongst all nonsuperviso
employees at the PMA; to also exclude the office staff.

Brenda A. Burke
Steward

21 July

# AMERICAN POSTAL WORKERS UNION, AFL-CIO

STE
GRIEV
APPEAL

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE)<br><br>**Class Action** | CRAFT<br><br>Maint | DATE<br><br>07/21/2010 | LOCAL<br>GRIEVANCE #<br>MNT 49-10 | US<br>GRIEVA |
|---|---|---|---|---|---|
| 2 | TO USPS STEP 2 DESIGNEE (NAME & TITLE)<br><br>**Manager Labor Relations** | | INSTALLATION | | PHC |
| 3 | FROM: LOCAL UNION (NAME OF)<br>**Greater Seattle Area Local APWU** | ADDRESS | Seattle, WA<br>241 SW 153rd Ave. | CITY     STATE | 206/442<br>ZIP |
| 4 | STEP 2 AUTHORIZED UNION REP. - (NAME & TITLE)<br>**Lester K Cornette** | | WORK PHONE<br>253-437-2198 | Burien     WA | 9816<br>HOME PHONE |
| 5 | LOCAL UNION PRESIDENT<br>**Jessie Gobunquin** | | WORK PHONE<br>206/241-6038 | | 253-732-8920<br>HOME PHONE<br>206/241-6038 |

| | WHERE - WHEN | STEP 1 MEETING & DECISION | | MET WI |
|---|---|---|---|---|
| 6 | UNIT/SEC/BR/STA/OFC<br>**Maint** | DATE/TIME | USPS REP – SUPR | GRIEVANT AND/OR STEW/ |
| 7 | STEP 1 DECISION BY (NAME & TITLE)<br>**Bob Hoffman** | DATE & TIME | INITIALS | Brenda Burke<br>INITIALING OI<br>VERIFIES<br>DATE OF DECIS |
| 8 | GRIEVANT - PERSON OR UNION (LAST NAME FIRST)     ADDRESS<br>**Class Action** | | CITY & STATE | ZIP CODE | PHONE |
| 9 | SOCIAL SECURITY NUMBER | SERVICE SENIORITY CRAFT | FTR-PTR-PTF | LEVEL | STEP | DUTY HRS | OFF DAYS |
| 10 | JOB # /PAY LOCATION (UNIT/SEC/BR/STA/OFC) | | WORK LOCATION CITY AND ZIP CODE | | LIFETIME<br>SECURITY | VETER |

| 11 | Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a violation of (but not limited to) the following: NATIONAL (Art./Sec.) Articles 3, 14, 15, 19 LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC. |
|---|---|

**12  DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT**

**Problem: Excessive heat in building, machine downtime, Possible Heat related injuries, Overloading of electric: circuits due to massive amount of fans, excessive amounts of dust particles being blown around.**

The PMA in Kent, WA 98032 does not have air conditioning and during the summer months it gets hot and humid in t building with temperatures as high as 92 degrees. This heat creates problems with mosquitoes (bites), and machinery downtime due to unsteady temperature for machines to operate properly without overheating causing less productivity and the 75 fans are blowing dust around causing dust to get into employees eyes, any powder spilled (which is an issue due to the anthrax situation a few years ago) in which blowing of cleaning machinery was changed to using vacuums to clean and fans are not the answer.

**Health:** Employees health issues are affected by fans blowing around viruses, dust, allergens, which causes absenteeism and less employee productivity.  Employees are in danger of heat injuries, which can also lead to death.

Enclosed is a letter from Dallas Kleck, District Manager from Portland, Oregon that states the USPS has a responsibility to provide a safe work environment. There is also a letter from Washington DC to all area operations, districts, and plan managers on compliance with postal employees safety enhancement act. Also there is a Postal Handbook and policy in EL-802, Manager's Safety Compliance Guide of responsibilities in owned and leased facilities for health and safety of employees.

There are temperature sheets enclosed of what the temperature was on dates indicated by maintenance employees who are showing this facility has heat issues during summer months. A copy of the lease is enclosed and pages A-2 (section A. 10), page A-5 (section A. 21), page C-3 (section 14) are areas of concern and on page M-1, d Temperature is to be maintained at a certain degree this goes for summer and winter months. There is also an OSHA standard under 1910-1000 for temperature settings and OSHA Technical manual (section III: Chapter 4 on heat injuries, controls, and tables how the wet bulb works.

There are also documents on importance of air condition in work place, climate control, and Hear Stress Informatio Sheet in the workplace for employers

E

If Air Conditioning was installed it would provide a more safe and healthful environment as well as a more pro
work force, less machine downtime and a more cost benefit for the USPS.

These working conditions violate Article 14 to provide a safe working condition as stated in the enclosed Case
H94C-1H-C 99262477 & 99-0974, C7C-4L-C 35592,  and NOC – 1P – I – 90186 thru 90199 on issues of hot w
conditions. In case S8C-3P-C 6517 indicates if employer implemented the energy policy under Article XIV

Under Article 3 Management have rights, but not to violate Articles that have an impact on employees.

Article 15 enclosed to for the Grievance –Arbitration procedure on rights

Article 19 covers the fact there are handbooks, manuals and policies relating to the USPS for employee working cond
wages, hours as covered in this agreement

| List of attached papers as identified | |
|---|---|
| 13  CORRECTIVE ACTION REQUESTED | All pertinent documentation will be provided at the Step 2 meeting.<br>Make the Union and employees whole – including, but not limited to |

**USPS needs to install air conditioning in accordance with Article 3, 14, 15, and 19 and the Presi
Energy Policy as stated in 1982 grievance S8C-3P-C 6517**

Lester K Cornette,
Chief Maintenance Steward

E

# McDermott

Tuesday, June 04, 2013
7:36 AM

*30 May*

| Subject | **McDermott** |
|---|---|
| From | Norris, Jim J - Tukwila, WA |
| To | Dow, Kenneth D - Seattle, WA |
| Cc | Marzec, David J - Tukwila, WA |
| Sent | Thursday, May 30, 2013 7:35 AM |
| Attachments | PDF<br><br>[Untitled] |

Confirm back to me once issued to employee.

Jim Norris
Maintenance Manager (Lead), Seattle District
(206) 768-4480 (Office)
(206) 240-1586 (Mobile)
-----Original Message-----
From: Norris, Jim J - Tukwila, WA
Sent: Thursday, May 30, 2013 7:34 AM
Cc: Norris, Jim J - Tukwila, WA
Subject:

Please open the attached document. This document was sent to you from the United States Postal Service.



*30 May 13*


**UNITED STATES**
**POSTAL SERVICE**

May 30, 2013

Lance McDermott
1819 S. 104th St
Seattle, WA 98168

On May 8, 2013, you received a notice proposing to place you on enforced leave from the Postal Service due to your medical condition (color blindness).

I have received no response from you, however, I have reviewed the correspondence previously provided to you and the evidence of record. I find that the action proposed in the notice of proposed enforced leave is supported by the evidence and warrant(s) your placement on enforced leave.

I do not take this action lightly. Previously, due to an operational change, you relayed to management that you could not distinguish colors; i.e. you were color blind and, therefore, could not perform the functions necessitated by the operational change.

As a result of your disclosure, your supervisors sought to discuss with you other essential aspects of your employment impacted by the inability to distinguish colors; most importantly, the ability to distinguish colored wiring when working on machinery. You rebuffed every attempt; refusing to request light duty, refusing to participate in the reasonable accommodation process, and otherwise refusing to discuss this matter at all.

It was made clear to you that while such discussions are wholly voluntary, without your participation and cooperation, it is not possible to evaluate whether you can perform the essential functions of your position with or without accommodation. In other words, we simply do not know whether you can perform your duties in a safe manner, and what, if any, accommodations can be made, if you refuse to interact. As a result, your placement on enforced leave is warranted.

This action will be effective 5-30-2013.

I want to make clear that your placement on enforced leave is a direct result of your refusal to interact with management on this very important issue. Should you decide that you would like to interact with management, please feel free to contact myself or Dave Marzec. You continue to have the right to request reasonable accommodation and/or light duty. However, as previously mentioned, you must avail yourself of these options which includes a willingness to sit down and discuss your medical limitations, if any, and the impact of your medical limitations on the performance of the essential functions of your job. Absent your participation, management cannot make a proper determination. By and through this letter, I encourage you to avail yourself of your options.

F

30 May 1

If you are a preference eligible employee, you may have a right to appeal this decision in writing to the Merit Systems Protection Board (MSPB) within 30 calendar days from your receipt of this decision. If you appeal to the MSPB, please provide me a copy of your appeal. Your appeal to the MSPB should state whether you do or do not wish a hearing and you should furnish me a copy of your appeal. For further information on appeals procedures, contact Regina Beckhum, Mgr. Labor Relations, at 253-214-1735. MSPB regulations and appeal forms are available on-line at: www.mspb.gov  The address for the MSPB is as follows:

> MSPB Western Regional Office
> 201 Mission St., Suite 2310
> San Francisco CA  94105-1831

If you do not appeal to the MSPB within the above time limit, you will have no further appeal right with the MSPB. If you appeal to the MSPB, please provide me a copy of your appeal.

If you believe that the action is based, in whole or in part, on discrimination, you have the option of filing an appeal with the MSPB, or filing an EEO complaint with the Postal Service.

To file an EEO complaint, you must request counseling within 45-calendar days of the effective date of this decision. You may request counseling by calling (888) 336-8777. The EEO complaint will be processed pursuant to the appropriate regulations (29 C.F.R. §§ 1614.302 through 1614.310).

If you file an MSPB appeal you are not entitled to a hearing by the Equal Employment Opportunity Commission (EEOC) unless:

1.	Your appeal to the MSPB is dismissed for lack of jurisdiction; or
2.	The Postal Service fails to issue a final agency decision on your EEO complaint within 120 days of the date you filed your EEO complaint.

You may request a hearing by the MSPB after the Postal Service has rendered a decision on your EEO complaint or after 120-calendar days from filing your EEO complaint, whichever occurs first. If you appeal this action you will remain on the rolls in a non-pay, non-duty status until disposition of your case has been reached – either by settlement or through exhaustion of your administrative remedies.

If this action is reversed or modified on appeal by the MSPB or EEOC, back pay may be allowed in accordance with 5 C.F.R. §§ 550.801 through 550.808, as applicable, unless the award or decision specifies otherwise.

If this decision is reversed or modified through an adverse decision, back pay may be allowed, unless the award or settlement specifies otherwise, only if you have made



reasonable efforts to obtain alternate employment during the potential back pay period. The documentation which you must maintain and present to support a back pay claim is described in Part 436 of the Employee and Labor Relations Manual.


Jim Norris
Manager, Maintenance Lead
(206) 768-4480

F

30 May 13

**UNITED STATES POSTAL SERVICE®**

**Request for or Notification of Absence**

| Employee's Name (Print last, first, MI.) | Employee ID | Date Submitted (MM/DD/YYYY) | No. of Hours Requested | | | SCHEDULED | UNSCHEDULED | PP | Year |
|---|---|---|---|---|---|---|---|---|---|
| McDermott, Lance | 072172172 | | | | | | | | |

Installation (For postmaster's leave, show city, state, and ZIP Code) | N/S Day | Pay Loc. No. | D/A Code | From: Date | Hour

Time of Call or Request | Scheduled Reporting Time | If Needed, Employee Can Be Reached At: | Thru: Date | Hour
☐ Do not call

| Type of Absence | Documentation (For official use only) | Revised Schedule for (Date) | Approved in Advance | | |
|---|---|---|---|---|
| ☐ Annual | ☐ FMLA Requested (Certification review – HRSSC) | | ☐ Yes ☐ No | | Sat 01 |
| ☐ Holiday/AL Lv Exch | ☐ For COP Leave (CA1 on file) | Begin Work | | | Sun 02 |
| ☐ Carrier 701 Rule | ☐ For Advanced Sick Leave (PS 1221 on file) | | | | Mon 03 |
| ☐ LWOP (See reverse) | ☐ For Military Leave (Orders reviewed) | Lunch Out | Lunch In | | Tue 04 |
| ☐ Sick (See reverse) | ☐ For Court Leave (Summons reviewed) | | | | Wed 05 |
| ☐ Late | ☐ For Higher Level (PS 1723 on file) | End Work | | | Thur 06 |
| ☐ COP (See reverse) | ☐ Scheme Training Testing Qualifying (Memo on file) | | | | Fri 07 |
| ☐ Other | | Total Hours | | | Sat 08 |

Remarks (Do not enter medical information. See Privacy Act Statement on reverse of this form.)

F M L A

| Employee's Signature and Date | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified | Sun 09 |
|---|---|---|---|
| | Pella Roth 30 May 13 | | Mon 10 |

**Official Action on Application (Return a copy of signed request to employee.)**

| ☐ Approved | Do not check an FMLA box until you verify the FMLA designation. | Signature of Supervisor and Date | Tue 11 |
|---|---|---|---|
| ☐ Disapproved (Give reason below) | ☐ FMLA Designation is PENDING | | Wed 12 |
| | ☐ FMLA Protected | | Thur 13 |
| | ☐ Not FMLA Protected | ☐ Continued on reverse | Fri 14 |

PS Form 3971, December 2011 (Page 1 of 2) PSN 7530-02-000-9136    Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both (18 U.S.C. 1001).

**UNITED STATES POSTAL SERVICE®**

**Request for or Notification of Absence**

Employee's Name (Print last, first, MI.) McDermott, Lance    Employee ID

Installation (For postmaster's leave, show city, state, and ZIP Code) | N/S Day | Pay Loc. No. | D/A Code | From: Date | Hour

Time of Call or Request | Scheduled Reporting Time | If Needed, Employee Can Be Reached At: | Thru: Date | Hour
☐ Do not call

Type of Absence
☐ Annual ☐ FMLA Requested (Certification review – HRSSC)
☐ Holiday/AL Lv Exch ☐ For COP Leave (CA1 on file)
☐ Carrier 701 Rule ☐ For Advanced Sick Leave (PS 1221 on file)
☐ LWOP (See reverse) ☐ For Military Leave (Orders reviewed)
☐ Sick (See reverse) ☐ For Court Leave (Summons reviewed)
☐ Late ☐ For Higher Level (PS 1723 on file)
☐ COP (See reverse) ☐ Scheme Training Testing Qualifying (Memo on file)
☐ Other

Remarks (Do not enter medical information. See Privacy Act Statement on reverse of this form.)

F M L A

**Official Action on Application (Return a copy of signed request to employee.)**
☐ Approved   Do not check an FMLA box until you verify the FMLA designation.
☐ Disapproved (Give reason below) ☐ FMLA Designation is PENDING
☐ FMLA Protected
☐ Not FMLA Protected
☐ Continued on reverse

PS Form 3971, December 2011 (Page 1 of 2) PSN 7530-02-000-9136    Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both (18 U.S.C. 1001).

4 - 6 June 13

From:   Wendy Angelini (wlrodda@msn.com)
Sent:   Thu 6/06/13 9:45 PM
To:     Lance McDermott (treke@hotmail.com); Wendy (wlrodda@msn.com)
Lance,

I discussed your leave status with MMO Marzec. He stated you are being paid annual leave.

However, he will not change it to FMLA. He states that "since the postal service put you out on enforced leave and the reason for the enforced leave has nothing to do with the FMLA case on file. You cannot claim FMLA for this time off."

He went on to say, they (management ? norris) were not going to let him (you) tell the postal service what kind of leave he (you) gets to take. "

Anyway, something else for your grievance for the postal service.

Marzec has his retirement date set for a couple months from now and is not allowed to make any more decisions without Norris okay.

Wendy Angelini

From:**Wendy Angelini** (wlrodda@msn.com)
Sent: Tue 6/04/13 2:03 PM
To:   Lance McDermott (treke@hotmail.com); Wendy (wlrodda@msn.com)
Lance,

Per our conversation today at 1:40 pm I will discuss the issue of your pay status with Management.

You requested to be in Annual leave, FMLA, for 160 hrs, for an On-the-job injury.

You stated that grievances would be filed on the other issues, (Enforced Leave, and FLMA violations) by yourself or Lester.

If you need anything else please let me know.

Wendy Angelini

F

*6 Mar 15T*

MANAGER MAINTENANCE


**UNITED STATES
POSTAL SERVICE**

*March 6, 2014*

Lance McDermott
1819 S. 104th Street
Seattle, WA 98168

Dear Mr. McDermott:

Recently, you contacted us and expressed your willingness to come in and discuss your medical limitations, *i.e.,* color-blindness, and the impact of your limitations on the performance of your duties. As a result, on Tuesday March 4, 2014, you met with Manager Maintenance Operations William (Rick) Sudduth.

You advised Rick that you have difficulty distinguishing between shades of colors, but not primary colors. Rick presented you with various colors of wires and you successfully identified all of them. You provided Rick with documentation showing that had failed the Ishihara test, meaning that you were unable distinguish a number amongst color dots. However, you successfully passed the Lantern test, demonstrating your ability to distinguish between primary colors.

Based on this information you provided, I am instructing you to report back to work to resume the duties of your position of Maintenance Mechanic MPE as soon as you can. I further instruct that if you are required to do any electrical work which involves distinguishing shades of colors, that you seek confirmation of the colors from either a co-worker and/or supervisor.

Your safety record is commendable and it is my goal to ensure you continue your satisfactory safety record.

In order to make your return to work as smooth as possible please contact William (Rick) Sudduth at 206-768-4478 to secure your access badge and to ensure your timecard is available at your facility.

You may contact me at 206-768-4480 if you have any concerns regarding my decision.

Sincerely

Jim Norris
Manager Maintenance Lead, Seattle PDC

File

10700 27TH AVE S.
SEATTLE, WA. 98168
TEL: (206) 768-4480
FAX: (206) 768-4483

*F*

Daniels, Tanya L - Tukwila, WA

| | |
|---|---|
| **From:** | Norris, Jim J - Tukwila, WA |
| **Sent:** | Friday, February 08, 2013 5:20 AM |
| **To:** | Daniels, Tanya L - Tukwila, WA |
| **Cc:** | Foster, Dan L - Seattle, WA |
| **Subject:** | RE: Lance McDermott |
| **Sensitivity:** | Confidential |

**Jim Norris**
**Maintenance Manager (Lead), Seattle District**
**(206) 768-4480** (Office)
**(206) 240-1586** (Mobile)

**From:** Daniels, Tanya L - Tukwila, WA
**Sent:** Thursday, February 07, 2013 10:15 AM
**To:** Norris, Jim J - Tukwila, WA
**Cc:** Foster, Dan L - Seattle, WA
**Subject:** RE: Lance McDermott
**Sensitivity:** Confidential

Jim
A few thoughts about Mr. McDermott and color blindness:

- How long has he been in the position that requires differentiating shades of color?
Since 1998. He was hired as a custodian where there is no such requirement. Going from custodian to maintenance mechanic via the in-craft process does not require any additional medical evaluation.
- Has he previously reported problems performing his job because of not being able to distinguishing colors?
NO. I can only suspect that the staffing levels have been of such that he has been able to avoid tasks requiring one to differentiate between colors when working on electrical circuits. Recently he has been assigned to work alone.
- Has his work performance been acceptable?
Minimally but yes performance has not been an issue.
- Color blindness is not acquired – you're born with it. Why is he reporting this as an issue now if it hasn't been a problem in the past?
I suspect the issue is being raised now because a new process requiring the carrier cells on the machines are to be annotated with a color sticker for quick visual check for which ones were serviced. The unit supervisor on up was unaware of his condition. Perhaps he thought we knew and was forcing him to do a task he could not physically do. Once we get confirmation that the condition does exist I will have him referred to RAC. We may be able to keep him in his job but he would have to be excluded from doing any electrical work. Tech manuals reference wire color which could be a huge safety issue. As far as the dots go we could go to different shapes. But until he is willing to communicate to us it will be a major challenge.

Are new/different shades of color now required in the job?
No. Staffing levels have been reduced to a point now that he could not possibly rely on a co-worker to do the tasks he can not physically do. I am not sure how he could even evaluate a machine's performance when the graphs are color based. I think he has been flying under the radar for so many years and now that it has come to my attention I can not ignore it. Someone can get serious injured

1

Occupational Health Services (OHS) Seattle District
Health & Resource Management (         )


**UNITED STATES**
**POSTAL SERVICE**

DATE:           02-15-2013        0935

TO:             Jim Norris, Manager – Maintenance

CC:             Dan Foster, Manager (a) – Labor Relations, Lance Abbott, MDO (a), David Marzec, MMO

RE:             McDERMOTT, Lance P.  #03272132


McDermott, Lance
P. PLD. 02-1...

Jim
A Duty Status has been issued for the medical dated 02-13-13 with the wording recommended by Dr. Wagoner.

    

PLD Request          PLD Assignment       No LD - Denial.doc
09-10-10.doc (33 ...  04-09-12.doc (...     (42 KB)

The employee should request permanent light duty (PLD) in writing with Management responding in writing. The forms are optional and the information can be placed on letterhead/format of your choice.

    

Referral to           Pub 316           Pub 317  Manager's
DRAC.doc (45 KB)      mployee's Guide to R   Guide to Re...

If you are not able to accommodate the employee's request, he may be referred to the District Reasonable Accommodation Committee (DRAC).  Complete the referral form and email to <SEATTLE-DL-DISTRICT DRAC>.



Referral to DRAC –
Refused by ...

If the employee refuses referral to DRAC, complete the above form and contact LR for assistance. <SEATTLE-DL-LABOR RELATIONS>

Please let me know if there are any questons.

Tanya L. Daniels RN
Occupational Health Nurse Administrator

34301 – 9TH AVENUE SOUTH STE 251
FEDERAL WAY WA 98003-7090
253-214-1721 PHONE
253-214-1820 24 HR CONFIDENTIAL

F.

or worse if he touches wrong color

Tanya L. Daniels RN
Occupational Health Nurse Administrator (OHNA)
USPS - Seattle District
M - F  0730 - 1600 Pacific
253-214-1721  phone
253-214-1820  24-hr, confidential fax
http://western1.fws.usps.gov/sites/seattle/HR/HRHRM/HROHN/default.aspx

"If you don't change the direction you are going, then you're likely to end up where you're heading..."  John C. Maxwell

The e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential privileged information.  Any unauthorized review, use, discharge or distribution is prohibited.  If you are not the intended recipient(s), please contact the sender by reply e-mail and destroy or delete copies of the original message.

_____

From: Daniels, Tanya L - Tukwila, WA
Sent: Tuesday, February 05, 2013 8:03 AM
To: Foster, Dan L - Seattle, WA
Subject: RE: Lance McDermott
Sensitivity: Confidential

He successfully met the color vision requirements on his pre-hire medical 10-24-96, Christmas Casual.  This is the only pre-hire medical in the file.

Tanya L. Daniels RN
Occupational Health Nurse Administrator (OHNA)
USPS - Seattle District
M - F  0730 - 1600 Pacific
253-214-1721  phone
253-214-1820  24-hr, confidential fax
http://western1.fws.usps.gov/sites/seattle/HR/HRHRM/HROHN/default.aspx

"If you don't change the direction you are going, then you're likely to end up where you're heading..."  John C. Maxwell

The e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential privileged information.  Any unauthorized review, use, discharge or distribution is prohibited.  If you are not the intended recipient(s), please contact the sender by reply e-mail and destroy or delete copies of the original message.

_____

From: Foster, Dan L - Seattle, WA
Sent: Monday, February 04, 2013 9:49 PM
To: Daniels, Tanya L - Tukwila, WA
Subject: FW: Lance McDermott
Sensitivity: Confidential

Can you check McDermott's file?

Dan L Foster
Manager Labor Relations(A) Seattle District
Office 253-214-1735  Fax 651-306-6515

From: Delgado, Alexis R - Denver, CO

*19 Apr 13*

## Marzec, David J - Tukwila, WA

**From:** Dow, Kenneth D - Seattle, WA
**Sent:** Friday, April 19, 2013 6:25 AM
**To:** Marzec, David J - Tukwila, WA
**Subject:** RE: McDermott

He did not state that he was colored blind or could not distinguish colors when he applied for work with the Postal Service.

**From:** Marzec, David J - Tukwila, WA
**Sent:** Thursday, April 18, 2013 2:35 PM
**To:** Dow, Kenneth D - Seattle, WA
**Subject:** RE: McDermott

What are you talking about?  What lie?  Is there proof?

**From:** Dow, Kenneth D - Seattle, WA
**Sent:** Thursday, April 18, 2013 7:20 AM
**To:** Marzec, David J - Tukwila, WA
**Subject:** McDermott

I did not realize that if an employee lies on his application and that once it was discovered that employee would be removed from the postal service and no benefits would be paid.

F

1

Occupational Health Services (OHS)
Health & Resource Management (H ~~attle District~~


**UNITED STATES**
**POSTAL SERVICE**

21 Feb 13

DATE:       02-21-2013       1435

TO:         David Marzec MMO

CC:         Jim Norris, Manager - **Maintenance**

RE:         McDERMOTT, Lance P.  #03272132

 → *Marzec Medical Doc demand*
McDermott
2-06-13.pdf (85 KB.

McDERMOTT, Lance P.  #03272132

Dave
Mr. McDermott mailed a copy of the above letter dated 02-06-13 with a clinic note from his doct
regarding his back condition.  His work status was not addressed in the clinic note.

 → *Dr Schlitt Clinic Note*
McDermott, Lance
P. BACK 12-...

If the employee is not able to perform the full duties of his position due to the back condition, recommer
he submit work restrictions and request Light Duty.  The optional *Work Restriction* form, SPO69B, may be
used or documentation on the doctor's letterhead is acceptable.

Tanya L. Daniels RN
Occupational Health Nurse **Administrator**



34301 – 9ᵀᴴ AVENUE SOUTH STE 251
FEDERAL WAY WA 98003-7090
253-214-1721 PHONE
253-214-1820 24 HR

SEATTLE PROCESSING AND DISTRIBUTION CENTER

**UNITED STATES**
**POSTAL SERVICE**

*Enforced Leave*

*No Policy          7 June*

Date: June 7, 2013

Lester Cornette
Steward Local APWU
PO Box 48148
Seattle, WA 98148-0148

SUBJECT: Response to RFI dated 6-6-13

*The Union asked;*

1- *Copy of the Installation head for the Seattle District*
2- *Copy of policy for enforced leave*
3- *Copy of Lance McDermott's job description as a MPE*
4- *Copy of agency letter of restriction on Lance McDermott for color blindness as a disability*
5- *Copy of all investigation of records on McDermott by Jim Norris*
6- *Copy of record stating Lance was color blind from agency and how management knew Lance McDermott was color blind.*
7- *Copy of any documents on who decided to place McDermott on enforced leave.*
8- *Copy of notice of proposed action of decision and reasons therefore, and any order effecting an action covered by this subchapter 5 U.S.C. §7513*
9- *Copy of document(s) and or policy stating what constitutes placing Lance McDermott on enforced leave.*

**Response:**

1- The Installation Head for the Seattle District is Yul Melonson, District Manager
2- There is no policy for enforced leave
3- Attached
4- This information is being sent by the medical unit directly to the steward Cornette
5- Jim Norris does not have any investigation records.
6- Maintenance management became aware of McDermott's condition during a conversation with McDermott ~February 2013
7- Attached
8- Attached
9- Mr. McDermott's refusal to speak with management to clarify what color restrictions has on his ability to perform safely all aspects of his position resulted in being put in an enforced leave status. Management once again invites Mr. McDermott along with his union steward to sit down to discuss this matter so all parties can come to an agreement what tasks Mr. McDermott can perform with or without an accommodation in a safe manner.

Jim Norris
Maintenance Manager Lead, Seattle District
cc:   File

10700 27TH AVE S
SEATTLE, WA 98168

*F*