HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LANCE P. MCDERMOTT, <br><br> Plaintiff, *Pro Se* <br><br> v. <br><br> MYRNA UMALI, President, Greater Seattle Area Local American Postal Workers Union, and MEGAN BRENNAN, Postmaster General, U.S. Postal Service, *Et Al.*, <br><br> Defendants. | No. 15-cv-01069 RAJ <br><br> **MOTION TO DISMISS** <br><br> Note for hearing: <br> November 13, 2015 |

Defendant Myrna Umali, President, American Postal Workers Union ("APWU"), Greater Seattle Area Local ("GSAL") moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order of dismissal for failure to state a claim upon which relief can be granted.

MOTION TO DISMISS
15-cv-01069 RAJ - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

## STATEMENT OF RELEVANT FACTS

Pro se Plaintiff, Lance McDermott, is an employee of the United States Postal Service ("USPS").  This is the ninth lawsuit Plaintiff has filed in this court relating to his employment.[1] Plaintiff's complaint is forty-one pages long and includes sixty-five pages of attached exhibits. Most of the complaint pertains to the USPS.

Plaintiff lists Myrna Umali as a defendant in the caption of his complaint.  Other than appearing in the caption of this lawsuit, Myrna Umali is not mentioned anywhere in the complaint.

As to GSAL, Plaintiff asserts a breach of the duty of fair representation claim for the "failure of the Union to process my grievances or aid a Steward of the Union because of my protected activity of protesting the Union's Officers paying themselves 'salaries' (self enrichment) from the Union Trust funds and making 'sweetheart' deals with Management." (Dkt. #1, p. 2)  In support of this claim, Plaintiff cites to Exhibit D (Dkt. #1, p. 4), which contains five grievance forms dated between May 23, 2013 and October 17, 2013.

Plaintiff also alleges a violation of Section 101(a)(5) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(5).  Plaintiff claims that "[t]he Union retaliated against me by holding-up grievances, denying me my Steward position that I held for over 15-years and told me to 'turn in my Union Hall Key' telling me I cannot use the copier for my numerous Hostile Work Environment, EEO, MSPB and NLRB complaints."  (Dkt. #1, p. 30)

---

1   See McDermott v. U.S. Postal Serv., CV05–00860–RSL; McDermott v. U.S. Postal Serv., CV06–1335–MJP; McDermott v. U.S. Postal Serv., CV07–1174–JLR; McDermott v. Potter, CV08–1846–JCC; McDermott v. Potter, CV09–776–RSL; McDermott v. Potter, CV09-1008-RAJ; McDermott v. Potter, CV11–0311–MJP; McDermott v. Potter, CV13-2011-MJP.

MOTION TO DISMISS
15-cv-01069 RAJ - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

Plaintiff alleges this is a "deliberate attempt to suppress dissent," and deny him "the same rights given to other members." (Dkt. #1, p. 30)

Apart from these two claims, it is difficult to determine what other claims, if any, Plaintiff alleges against GSAL. The complaint contains numerous case citations and quotes from cases. It is not clear whether Plaintiff is attempting to assert a claim against GSAL under the statutes referenced in the cited cases. For example, Plaintiff includes the following paragraph:

> In <u>Highway Truck Drivers and Helpers Local 107 v. Cohen</u>, 182 F.Supp. 608 (E.D.Pa. 1960), affirmed, 284 F.2d 162 (3d Cir. 1960), denied, 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961), a suit was brought under the recently enacted Labor Management Reporting and Disclosure Act (LMRDA) of 1959, Public Law 860257, 29 U.S.C.A. 401 et seq. The Court found that the LMRDA established a fiduciary responsibility on the part of officers of a labor organization, 501(a) and further provided for a right to sue, 501(b). The Plaintiff, <u>Cohen</u>, charged the Union Officials with a continuing mass conspiracy to cheat and defraud the Union of large sums of money. The Court found that the expenditure by the Defendants violated the provision in 501(a) which imposes upon them a strict duty to – 'expand {sic} [union funds] in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder * * *."

(Dkt. #1, p. 29-30) It is impossible to tell whether this paragraph asserts a claim against GSAL under Section 501(a) of the LMRDA, 29 U.S.C. § 501(a).

Similarly, the complaint is unclear as to whether Plaintiff makes certain claims against the USPS or GSAL, or both. Plaintiff alleges:

> I filed an NLRB complaint that the U.S. Postal Service violated Section 8(a)(2) and Section 7 rights of Employees by unlawfully dominating the Union by paying the salaries of Union Officers (for not working) for Union activities. This I believe violates the NLRA § 8(a)(2), LMRA § 302, and LMRDA §§ 101, 102, 202, 203, 501, and 609. The dominating Management and the overpaid Union Officials have failed to bargain over working conditions within the meaning of Section 2(5) and making bad faith 'sweetheart' deals (contracting, facility closers, loss of jobs) with the Union violating Sections 8(a)(3) and 8(b)(3) showing an anti-union motivate {sic} inherently destructive of the Labor/Management relationships.

MOTION TO DISMISS
15-cv-01069 RAJ - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

(Dkt. #1, p. 30)  It is impossible to tell from this paragraph what claims, if any, Plaintiff asserts against GSAL.  To the extent Plaintiff alleges that GSAL violated Sections 8(a)(3) and 8(b)(3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(3), (b)(3), he has not identified any statutory right to sue in federal court for violations of those statutes.

Plaintiff further alleges violations by the GSAL of the "AFL-CIO Ethical Practices Code, Health and Welfare Funds" and the Constitution of the APWU, but fails to identify any specific legal claims resulting from these violations.  (Dkt. #1, p. 31)  Plaintiff's requested remedy does not provide any further insight into the basis for his legal claims against GSAL.  In this regard, Plaintiff seeks "minimum damages against the GSAL," including a return of "Union Trust Funds unlawfully taken for self-enrichment of the Union Officials {sic} salaries," reversal of "the sweetheart' staffing deals," and injunctive relief prohibiting the USPS from closing or opening certain offices.  (Dkt. #1, p. 40)

## ARGUMENT

### I. PLAINTIFF MAKES NO ALLEGATIONS AGAINST MYRNA UMALI. DISMISSAL OF MYRNA UMALI IS PROPER.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

FRCP 8 does not require "detailed factual allegations."  Id.  However, the complaint must state sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face."  Id.

MOTION TO DISMISS
15-cv-01069 RAJ - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

at 570. A claim has facial plausibility when the complaint contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556.

Plaintiff's caption lists Myrna Umali as a defendant. However, Myrna Umali is not mentioned elsewhere in the complaint. Plaintiff has not made any specific claims of wrongdoing and has not plead any facts pertaining to Myrna Umali. Because Plaintiff has not identified any allegations specific to Myrna Umali, there is no facial plausibility that she is liable for any alleged misconduct. Accordingly, she is properly dismissed as a defendant in this case.

## II. PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS TIME BARRED AND MUST BE DISMISSED.

A party may raise a statute of limitations defense in a 12(b)(6) motion when the running of the statute is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Duty of fair representation claims are limited by a six-month statute of limitations. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169–70 (1983). The statute of limitations "generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation." Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986). Plaintiff filed this lawsuit on June 30, 2015. His duty of fair representation claim is limited to conduct within the six months immediately preceding the complaint. Thus, conduct before December 30, 2014, cannot be the basis for Plaintiff's duty of fair representation claim.

In support of his duty of fair representation claim, Plaintiff makes two factual allegations. First, Plaintiff alleges the Union failed to process his grievances. (Dkt. #1, p. 2) With regard to the alleged failure to process grievances, Plaintiff has attached grievances from 2013, well outside the six-month statute of limitations. There is no more recent conduct alleged. The

MOTION TO DISMISS
15-cv-01069 RAJ - 5

grievances underlying Plaintiff's duty of fair representation claim are outside of the applicable statute of limitations and his claim must be dismissed.

Second, Plaintiff makes a vague reference to failure to "aid a steward." (Dkt. #1, p. 2) It is unclear whether Plaintiff is talking about himself (Dkt. #1, p. 31) or another, unnamed steward. Plaintiff also does not identify how the Union specifically refused to aid a steward. If Plaintiff is merely repeating allegations about the Union failing to process the 2013 grievances, his claim is untimely. If Plaintiff is alleging something different, he fails to specify. In either scenario, dismissal is appropriate.

### III.  PLAINTIFF'S SECTION 101 CLAIM IS PROPERLY DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS.

Plaintiff's complaint alleges a claim under Section 101 of the LMRDA, but does not allege acts amounting to discipline within the meaning of the statute. Section 101(a)(5) provides:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such members has been (A) served with written specific charges; (B) given reasonable time to prepare his defense; (C) afforded a full and fair hearing.

The residual category "otherwise disciplined" is defined by the Supreme Court as only reaching "punishment authorized by the union as a collective entity to enforce its rules." Breininger v. SMW Int'l, 493 U.S. 67, 69 (1989). Removal of a union steward is not "discipline" within the meaning of Section 101(a)(5). See Grand Lodge of Int'l Ass'n of Machinists v. King, 335 F.2d 340, 341 (9th Cir. 1964) ("Congress did not intend section 101(a)(5) to preclude summary removal of a member from union office"); see also Brett v. Sohio Constr. Co., 518 F. Supp. 698, 700 (D. Alaska 1981) (no Section 101(a)(5) claim for steward

MOTION TO DISMISS
15-cv-01069 RAJ - 6

removed from position). Such action is "permissible self-regulation" by the union and "a plainly internal affair." NLRB v. Int'l Bhd. of Boilermakers, 581 F.2d 473, 476 (5th Cir. 1978). Similarly, de minimis union action is not "discipline." See, e.g., Rekant v. Meat Cutters Local 446, 320 F.2d 271, 277 (3d Cir. 1963) (cancellation of work permit not discipline where union action "cannot be raised to the level of a 'fine, suspension, or expulsion' or an action of similar severity embraced by the 'otherwise disciplined' proviso"); Forline v. Helpers Local No. 42, 211 F. Supp. 315, 319 (E.D. Pa. 1962) (no "discipline" where union refused to provide copies of documents to member).

Here, Plaintiff has not alleged he was fined, suspended, or expelled by the Union. Plaintiff merely alleges GSAL denied his steward position and instructed him to "'turn in my Union Hall Key' telling me I cannot use the copier for my numerous Hostile Work Environment, EEO, MSPB and NLRB complaints." (Dkt. #1, p. 30) The complaint does not allege any other acts connected to the Section 101(a)(5) claim. The alleged acts do not fall within the scope of Section 101(a)(5). Plaintiff's Section 101 claim is properly dismissed.

### IV. ANY REMAINING CLAIMS ARGUABLY RAISED BY THE COMPLAINT ARE PROPERLY DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In a motion to dismiss, all factual allegations in the pleadings are considered true and viewed in the light most favorable to the nonmoving party. See Associated Gen. Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). Yet, alleged facts that only suggest the possibility of misconduct are insufficient to raise a right to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "[U]nadorned, the-defendants-unlawfully-harmed-me accusation[s]"

MOTION TO DISMISS
15-cv-01069 RAJ - 7

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

fail to state a claim, as do complaints "tender[ing] naked assertions devoid of further factual enhancement." Id. at 678.

In ruling on a motion to dismiss, the Court need not accept as true any allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. Clegg v. Cult of Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994); see also Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). There must be "some further factual enhancement" to support the legal conclusions in the complaint. Twombly, 550 U.S. at 557. "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegations,' and expect his complaint to survive a motion to dismiss." Iqbal, 556 U.S. at 686.

As described herein, Plaintiff's claims against GSAL fail the pleadings standards established by FRCP 8 and interpreted by Iqbal and Twombly. Plaintiff's complaint is devoid of factual details that could give GSAL "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. The allegations in the complaint are general, they do not contain dates, they do not identify individuals by name, and they do not specify the conduct at issue. As such, Plaintiff's claims are properly dismissed pursuant to FRCP 12(b)(6).

    A.    <u>Plaintiff's Complaint Does Not Assert A Section 501 Claim Against GSAL And Does Not Plead Prerequisite Facts.</u>

Plaintiff has not clearly asserted a Section 501 of the LMRDA claim against GSAL. Plaintiff has merely quoted from cases involving Section 501 claims. (Dkt. #1, p. 29-30) Even if Plaintiff intends to assert a Section 501 claim, it would necessarily fail because Plaintiff has not demonstrated compliance with the statutory prerequisites to suit. In this regard, Section

MOTION TO DISMISS
15-cv-01069 RAJ - 8

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

501(b) allows a member to sue in federal court for violations of fiduciary standards in Section 501(a), but only if the members can show notice, exhaustion, and leave of court. The text of the statute specifically requires: "No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte." 29 U.S.C. § 501(b). Plaintiff has not followed the procedures outlined above. For this reason, Plaintiff's Section 501 claim necessarily fails.

B. <u>Plaintiff Provides No Statutory Basis For Independent Suits Under Sections 8(a)(3) And 8(b)(3) Of The NLRA.</u>

The NLRA establishes the National Labor Relations Board for the investigation, prosecution, and adjudication of unfair labor practice charges against unions. 29 U.S.C. §§ 160-61. There is no private right of action for Sections 8(a)(3)[2] and 8(b)(3)[3] unfair labor practices.[4] Plaintiff's claims necessarily fail because Plaintiff does not allege, and no statute provides, any basis for bringing a federal court claim for violation of Sections 8(a)(3) or 8(b)(3).

C. <u>Plaintiff Fails To Identify Basis For Suit For Alleged Violations Of AFL-CIO Ethical Practices Code And APWU Constitution.</u>

Plaintiff alleges violations by the GSAL of the "AFL-CIO Ethical Practices Code, Health and Welfare Funds" and the Constitution of the APWU. Plaintiff fails to identify any specific legal claims resulting from these alleged violations.

---

[2] Under Section 8(a)(3), it is an unfair labor practice for an employer to discriminate "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3). GSAL is not acting as an employer and thus Section 8(a)(3) does not apply in any case.
[3] Section 8(b)(3) makes it an unfair labor practice for a union "to refuse to bargain collectively with an employer." 29 U.S.C. § 158(b)(3).
[4] In contract, Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187, provides a private right of action for violations of Section 8(b)(4).

MOTION TO DISMISS
15-cv-01069 RAJ - 9

## CONCLUSION

Dismissal is proper here, as Plaintiff fails to suggest facts establishing any possible claim. Lacking any factual basis, Plaintiff's complaint fails to provide the Defendants with "fair notice of what . . . the claim is about and the grounds upon which it rests." Twombly, 550 U.S. at 555.

Where a pro se plaintiff's complaint fails to state a claim upon which relief can be granted, the court should ordinarily give opportunity to amend the complaint unless it is clear the deficiency cannot be cured. Lucas v. Dep't. of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Here, it is clear that the deficiency cannot be cured. Plaintiff's allegations are variously frivolous, untimely, opaque, and improper. When allegations in a complaint "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558. To avoid unnecessary wastes of time and money, leave to amend should be denied.

DATED this 22nd day of October, 2015.

s/Kristina Detwiler
Kristina Detwiler, WSBA No. 26448
Robblee, Detwiler & Black, P.L.L.P.
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Telephone: 206-467-6700
Facsimile: 206-467-7589
Email: kdetwiler@unionattorneysnw.com

Attorneys for Defendant Myrna Umali, President Greater Seattle Area Local American Postal Workers Union

MOTION TO DISMISS
15-cv-01069 RAJ - 10

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on October 22nd, 2015 I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system. On this same day, I caused a true and correct copy of the above-referenced document to be sent via first class mail, postage prepaid, to the following:

>Lance McDermott
>1819 S 104 Street
>Seattle, Washington 98168

>s/Kristina Detwiler
>Kristina Detwiler, WSBA No. 26448
>Robblee, Detwiler & Black, P.L.L.P.
>2101 Fourth Avenue, Suite 1000
>Seattle, Washington 98121
>Telephone: 206-467-6700
>Facsimile: 206-467-7589
>Email: kdetwiler@unionattorneysnw.com
>
>Attorneys for Defendant Myrna Umali, President Greater Seattle Area Local American Postal Workers Union

CERTIFICATE OF SERVICE - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile