```
                                        ___ FILED      ___ ENTERED
                                        ___ LODGED     ___ RECEIVED
              United States District Court,   SG   NOV 25 2015
              Western District of Washington
                        at Seattle                 AT SEATTLE
                                              CLERK U.S. DISTRICT COURT
                                           BY WESTERN DISTRICT OF WASHINGTON
                                                                    DEPUTY
```

| | |
|---|---|
| Lance P. McDermott, <br>     Plaintiff, *Pro Se,* <br>   vs. <br> Postmaster General, Megan Brennan, U.S. Postal Service (USPS), *Et Al*; <br>   and <br> Greater Seattle Area Local (GSAL), American Postal Workers Union (APWU), President Myrna Umali, *Et Al*, Salaried Union Officials; <br>   and <br> USPS HR Manager, Alexis Delgado, in her individual capacity; <br> USPS Maintenance Manager, James Norris, in his individual capacity. <br><br>     Defendants. | ) Case No.: 15 CV-01069-RAJ <br> ) <br> ) Reply to USPS and GSAL APWU <br> ) Motion for Dismissal <br> ) <br> ) Noted for Consideration on <br> ) <br> ) 25 November 2015 <br> ) |

I ask the Court to find that my FRCP error harmless and an excusable error, FRCP 6 (b)(1)(B). The Agency caused my greater harm violating the FRCP in the EEOC and MSPB administrative judicial processes. Exhibit C, FAD, page 2, - "…The [FRCP] concerning the limits on discovery do not apply in the federal-sector EEO complaint process…" I again ask the Court's leave to amend under Rule 15(a)(2), "when justice so requires" despite my harmless error.

## Consideration

The Agency's Motion to Dismiss compares my 2014 filing with the Court with the current complaint. "Further comparison of the current lawsuit to the 2014 Action reveals extensive overlap and makes clear that the two actions arise from the same nucleus of facts." (Doc. 6, pg. 8)  The Agency overlooks the continued

Reply - 1

"overlapping" constitutional and statutory violations that have occurred since filing the 2014 complaint. For which, I have exhausted my administrative remedies, given a decision (exhibits A,B,C,G) or no decision within six months and filed a claim within two years (FRCP 15(c)(1)(A)). (Doc. 6, pg. 17) Since filing this present complaint I have exhausted other administrative processes (Reasonable Accommodation) and need to file an amended complaint with that cause of action, FRCP 15(c)(1)(C).

The Agency's Motion does not address, FRCP 12(a)(3), federal employees sued in their individual capacity. Nor has the Agency/DOJ issued the required 28 U.S.C. § 2679(d)(2) "scope of employment" certifications (or not § 2679(d)(3)) required by the Federal Tort Claims Act, 28 U.S.C. 1346(b) for wrongful acts or omissions of federal employees, 28 U.S.C. § 2675(a). For personnel actions taken that were not for "inefficiency, neglect of duty or malfeasance" by the Agency Officials with the intent of inflicting emotional distress, (Restatement of Torts 2d § 46). See *Humphrey's Executor v. United States*, 295 U.S. 602 (1935) & *Myers v. United States*, 272 U.S. 52 (1926).

The Agency asserts *Res Judicata* (Doc. 6, pg. 6-7). However, the Court in 2014 did not issue a "final judgment on the merits" of my claims. The Agency makes an incorrect assertion that the Court dismissed my 2014 complaint for "lack of

subject matter jurisdiction and for failure to state a claim." (Doc. 6, pg. 2) In fact the Court dismissed my claims based on the Agency's claim of immunity from the Administrative Procedures Act. "This Court dismissed these claims 'because the Postal Reorganization Act exempts judicial review under the APA of postal service activities." (Doc. 6, pg. 4)

The Union Motion to Dismiss asserts that it can recognize "two claims" (Doc. 4, pg. 3) in the complaint and in its conclusion (Doc. 4 pg. 10). The Union then claims the opposite, - "fails to suggest facts establishing any possible claim." The two claims the Union did see: (1) failed to assist/denied assistance; and (2) the "self-enrichment" (Doc. 4, pg. 4) by Union Trustees taking Union Trust Funds. These claims are supported by the facts of "cannot use the copier" (Doc. 4, pg. 2) (see Doc. 4, pg. 6, "otherwise disciplined") and Union Trustees (with fiduciary responsibility) taking salaries from the Union Members Trust Fund (exhibit E).

I named GSAL APWU President Myrna Umali in the Complaint's caption as the head of the "agency." I would like to amend the complaint naming the twelve Union Trustees who are self-enriching themselves with "salaries" from the Union Trust Funds.

The Union incorrectly contends that my claims are time barred. Since filing the original complaint I have exhausted the NLRB (exhibit E) and the AFL-CIO

Reply - 3

Ethical Conduct administrative processes.  And, need to amend my complaint showing that exhaustion.

## Conclusion

Neither defendant, claiming confusion, has asked for a FRCP 12(e) Motion for a More Definite Statement pointing out the defects complained of and the details desired.  Pursuant to FRCP 15 (b)(1) the Court should freely permit an amendment when doing so will aid in presenting the merits.  And, under FRCP 15(2) a party may move at any time, even after judgment, motion to amend the pleadings.

I ask the Court to allow me to amend the complaint with claims that relate back to claims "arising out of the conduct * * * set forth * * * in the original pleading," and to correct formal defects.  *Rys v. U.S. Postal Service*, 886 F.2d 443 (1st cir. 1989), *But cf. Montgomery v. U.S. Postal Service*, 867 F.2d 900 (5th cir. 1989),

Respectfully submitted this 25th of November 2015,

*/s/ Lance McDermott*
Lance McDermott
1819 So 104 ST
Seattle, WA  98168
206 331-1990

United States District Court,
Western District of Washington

| | |
|---|---|
| Lance P. McDermott,<br>    Plaintiff, *Pro Se*,<br>vs.<br>Postmaster General, Megan Brennan,<br>U.S. Postal Service (USPS), *Et Al*;<br>  and<br>Greater Seattle Area Local (GSAL),<br>American Postal Workers Union<br>(APWU), President Myrna Umali, *Et Al*, Salaried Union Officials;<br>  and<br>USPS HR Manager, Alexis Delgado,<br>in her individual capacity;<br>USPS Maintenance Manager James Norris, in his individual capacity.<br>    Defendants. | Certificate of Service.<br><br>Case No.: 15 CV-01069-RAJ |

I, Darlene McDermott, certify that on, 25 November 2015, I served by a copy of the Reply to:

USPS Attorney, Assistant U.S. Attorney General Jamal Whitehead.

700 Stewart Street, # 5220, Seattle, WA 98101-1271

I, Darlene McDermott, certify that on, 20 November 2015, I served by certified mail a copy of the Reply to:

GSLA APWU Attorney, Robblee Detwiler & Black, PLLP,

2101 Fourth Avenue, Suite 1000, Seattle, WA 98121.

I declare under penalty of perjury that this information is true.

Dated this 25 November 2015,

*Darlene McDermott*

Darlene M. McDermott
1819 So 104 ST
Seattle, WA 98168
206 409-3138

Cert. of Service - 1