**HON. RICHARD A. JONES**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LANCE P. MCDERMOTT,<br><br>Plaintiff, *Pro Se*<br><br>v.<br><br>MYRNA UMALI, President, Greater Seattle Area Local American Postal Workers Union, and MEGAN BRENNAN, Postmaster General, U.S. Postal Service, *Et Al.,*<br><br>Defendants. | No. 15-cv-01069 RAJ<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Note on Motion Calendar:<br>November 13, 2015 |

### NATURE OF PROCEEDING

On November 25, 2015, Plaintiff Lance McDermott filed a "Reply to USPS and GSAL APWU Motion for Dismissal." (Dkt. #11)  GSAL's motion to dismiss was noted for November 13, 2015 and USPS's motion to dismiss was noted for November 20, 2015.  This is the reply memorandum of Defendant Myrna Umali, President, APWU, GSAL.

REPLY IN SUPPORT OF MOTION TO DISMISS 15-cv-01069 RAJ - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

# ARGUMENT

## I. PLAINTIFF HAS NOT IDENTIFIED ANY FACTUAL BASIS FOR HIS CLAIM AGAINST MYRNA UMALI. SHE IS PROPERLY DISMISSED.

Plaintiff lists Myrna Umali as a Defendant but makes no specific factual allegations against her. In his reply, Plaintiff states, "I named GSAL APWU President Myrna Umali in the Complaint's caption as the head of the 'agency.'" (Dkt. #11, p. 3) This is not a sufficient factual basis for suing Myrna Umali in her individual capacity. Plaintiff has not identified any allegations specific to Myrna Umali, thus there is no facial plausibility she is liable for any misconduct. She is properly dismissed.

## II. PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS TIME BARRED. PLAINTIFF HAS NOT SHOWN OTHERWISE.

As argued in the motion to dismiss, duty of fair representation claims are governed by a six-month statute of limitations. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169–70 (1983). Plaintiff's complaint arises from alleged conduct occurring in 2013. Plaintiff does not allege any more recent conduct in his reply. (Dkt. #1, p. 2) Instead, Plaintiff argues his claim is timely because he "exhausted the NLRB (exhibit E) and the AFL-CIO Ethical Conduct administrative processes." (Dkt. #11, p. 3-4) Plaintiff does not provide any legal authority demonstrating that exhaustion is an exception to the statute of limitations, nor could he. Plaintiff's allegations about exhaustion are irrelevant. Plaintiff's claim is properly dismissed.

## III. PLAINTIFF DID NOT PLEAD SUFFICIENT FACTS FOR AN LMRDA SECTION 101 CLAIM.

In the motion to dismiss, Defendants argued that Plaintiff had failed to plead sufficient facts showing "discipline" to support a claim under Section 101 of the LMRDA. (Dkt. #3, p. 6-7) In his reply, the only disciplinary factual allegation that Plaintiff identifies is that he "cannot

REPLY IN SUPPORT OF MOTION TO
DISMISS 15-cv-01069 RAJ - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

use the copier." (Doc. #11, p. 3)  As set forth in more detail in the motion to dismiss, de minimis union action such as this is not "discipline" sufficient to support a Section 101 claim.  <u>See, e.g.</u>, <u>Forline v. Helpers Local No. 42</u>, 211 F. Supp. 315, 319 (E.D. Pa. 1962) (no "discipline" where union refused to provide copies of documents to member).

### IV.   PLAINTIFF'S REPLY CONFIRMS THERE ARE NO OTHER CLAIMS.

Plaintiff's complaint contained other allegations that were nebulous and opaque.  GSAL discussed these in the motion to dismiss, essentially inviting Plaintiff to clarify the allegations and provide fair notice of the claims.  (Dkt. #3, p. 7-9)  Plaintiff has not attempted to identify any other claims arising from the facts alleged.

### V.   LEAVE TO AMEND SHOULD BE DENIED FOR MULTIPLE REASONS.

As an initial matter, leave to amend should be denied because Plaintiff has not requested leave in the proper form.  Plaintiff did not file a motion requesting leave to amend.  Nor did Plaintiff attach a copy of the proposed amended complaint as required by LCR 15.  When a motion to amend a complaint violates local rules, the district court may in its discretion deny the motion on that basis alone.  <u>See</u> <u>Ward v. Circus Circus Casinos, Inc.</u>, 473 F.3d 994, 1000 (9th Cir. 2007).  This applies equally to pro se Plaintiff.  "Pro se litigants must follow the same rules of procedure that govern other litigants."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  Plaintiff is well versed in the rules, given that he has filed ten lawsuits in this court.  (Dkt. #3, p. 2)  In fact, he has filed six motions to amend in these

REPLY IN SUPPORT OF MOTION TO
DISMISS 15-cv-01069 RAJ - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

lawsuits.[1]  In the present case, not only has Plaintiff not followed the now-familiar rules for motions to amend, he still has not provided facts supporting any cause of action upon which relief can be granted.

Second, even allowing Plaintiff the latitude afforded pro se litigants, leave to amend should be denied on the merits because amendment would be futile.  In general, "[t]he court should freely give leave when justice so requires."  FRCP 15(a)(2).  Yet, this general rule "does not extend to cases in which any amendment would be an exercise in futility . . . ."  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).  Plaintiff seeks to amend his complaint to add "twelve union trustees" as defendants to the "self-enrichment" claim.  He does not identify any other amendment.  As explained in the motion to dismiss, Plaintiff cannot proceed on an LMRA Section 501 claim for "self-enrichment" without showing notice, exhaustion, and leave of court.  29 U.S.C. § 501(b).  Plaintiff has made no such showing and his reply does not address this fatal shortcoming in his pleadings.  Even with an amendment naming the "twelve union trustees," there would still be a statutory bar to proceeding with Plaintiff's Section 501 claim.  In sum, the only amendment Plaintiff seeks to make would be futile.

Finally, amendment to Plaintiff's pleadings would be wasteful, and therefore leave should be denied.  When allegations in the pleadings "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007).  Plaintiff's conduct in prosecuting his case is dilatory, flagrantly violative of the rules, and

---

[1]   See Motion to Amend, McDermott v. U.S. Postal Serv., CV06–1335–MJP (Dkt. #11); Motion to Amend, McDermott v. Potter, CV09–776–RSL (Dkt. #16); Motion to Amend, McDermott v. Potter, CV09-1008-RAJ (Dkt. #31); Motion to Amend, McDermott v. Potter, CV13-2011-MJP (Dkt. #4); Motion to Amend, McDermott v. Potter, CV13-2011-MJP (Dkt. #38); Motion to Amend, McDermott v. Potter, CV13-2011-MJP (Dkt. #48).

REPLY IN SUPPORT OF MOTION TO DISMISS 15-cv-01069 RAJ - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

prejudicial to GSAL.  Leave to amend should be denied in order to avoid further waste of the parties' and the court's resources.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed and leave to amend should be denied.

Dated this 4th of December, 2015.

                                        s/Kristina Detwiler
                                        Kristina Detwiler, WSBA No. 26448
                                        Robblee, Detwiler & Black, P.L.L.P.
                                        2101 Fourth Avenue, Suite 1000
                                        Seattle, Washington 98121
                                        Telephone: 206-467-6700
                                        Facsimile: 206-467-7589
                                        Email: kdetwiler@unionattorneysnw.com

                                        Attorneys for Defendant Myrna Umali, President Greater Seattle Area Local American Postal Workers Union

REPLY IN SUPPORT OF MOTION TO DISMISS 15-cv-01069 RAJ - 5

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4th, 2015 I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

>Lance McDermott
>1819 S 104 Street
>Seattle, Washington 98168

>s/Kristina Detwiler
>Kristina Detwiler, WSBA No. 26448
>Robblee, Detwiler & Black, P.L.L.P.
>2101 Fourth Avenue, Suite 1000
>Seattle, Washington 98121
>Telephone: 206-467-6700
>Facsimile: 206-467-7589
>Email: kdetwiler@unionattorneysnw.com
>
>Attorneys for Defendant Myrna Umali, President Greater Seattle Area Local American Postal Workers Union

CERTIFICATE OF SERVICE - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile