United States District Court,
Western District of Washington
at Seattle

| | |
|---|---|
| Lance P. McDermott<br>　　　Plaintiff, *Pro Se*,<br><br>　　vs.<br><br>U.S. Postal Service (USPS),<br>Postmaster General, Megan Brennan, *Et Al*;<br>　　and<br>Greater Seattle Area Local (GSAL),<br>American Postal Workers Union<br>(APWU), AFL-CIO, President, Myrna<br>Umali; *Et Al*, Salaried Union Officials.<br>　　and<br>USPS Maintenance Manager Jim<br>Norris, in his individual capacity,<br>USPS HR Manager Alexis Delgado,<br>in her individual capacity.<br>　　　Defendants. | Case No.: 15 CV-01069-RAJ<br>Hon. Richard A. Jones,<br><br>Reply to the Union's Reply in Support of Motion to Dismiss,<br><br>Noted on the Motion Calendar:<br>13 November 2015. |

This is a reply memorandum of Plaintiff Lance McDermott, employee of the U.S. Postal Service and Union Member of the GSAL APWU.

Argument

1. I believe that I have shown "sufficient factual basis" for suit against the GSAL APWU for its failure to process my grievances and denying me help (use of the Union Hall's copier).

2. I believe as a Union Member paying into the Union's Trust Fund gives me a basis to claim that Myrna Umali and other Union Trust Fund Officers have

violated their fiduciary responsible by self-enriching themselves from the Union Trust Funds (exhibit E).

I would like to amend my Complaint to name each Union Trustee in their individual capacity and how much they are receiving from the Trust Funds. If the GASL APWU "Union" wants to be substituted for the "Head" of the Union, I ask the Court's permission to Amend.

3. The Union improperly argues that a six-month time limit applies.

   a. The Union still has not process (still hold in abeyance) my grievances for pay for days that I worked (FLSA, worked suffered) and did not get paid (exhibits D).

   b. Maintenance Craft Director Engel notice to me, 4 March 2014, - "Regrettably, I have to inform you that due to the high cost of maintaining our Canon copier, you no longer may utilize the Union copier/scanner for you personal litigation, MSPB appeal etc…" (The ban (discipline) still in effect.)

   c. And, Union Trustees (Federal Employees) are still are taking Union Trust Funds for their own self-enrichment (exhibit E). Reply page 4, - "Plaintiff seeks to amend his complaint to add 'twelve union trustees' and defendants to the 'self-enrichment' claims…" (And, a possible Racketeering claims.)

4. I have shown sufficient facts for the Union to establish that I do have a Section 101 of the LMRDA claim. (Failure to provide copies is not the same a being banned from using the Union Hall's resources that I am paying union membership fees for.)

5. I did file a Motion to Amend. I believe the rule is that the Court or the Defendant(s) must give their permission before I can amend. The Union notes that I have filed Amendments before (without first submitting a copy). However, the Union does not show that I over-amended in my last case and was trying to avoid dismissal again. Despite trying to learn the rules, I do not have the understanding of the Court's rules that a law-school trained Attorney does.

If the Union truly does not understand the claims and wants me to "clarify the allegations and provide fair notice," (page 3), it (or the Court) should allow me the opportunity to Amend.

Respectfully submitted this 9th of December 2015,

Lance McDermott
1819 So 104 ST
Seattle, WA 98168
206 331-1990
treke@hotmail.com